# STATE OF MICHIGAN

# COURT OF APPEALS

NOTTINGHAM VILLAGE CONDOMINIUM
ASSOCIATION,

Plaintiff-Appellant,

v

JOHN PENSOM and JANE DOE PENSOM,

Defendants-Appellees.

UNPUBLISHED
December 12, 2017

No. 333311
Wayne Circuit Court
LC No. 12-013643-CH

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff Nottingham Village Condominium Association appeals as of right from orders of the Wayne Circuit Court discharging plaintiff's condominium lien and granting defendants John and Jane Doe Pensom's motion for attorney fees in the amount of $7,793 and costs in the amount of $125. We affirm.

## I. FACTS

In February 2012, plaintiff's Board of Directors authorized the filing of a lawsuit against the condominium developer for construction defects. On February 29, 2012, the Board passed a resolution levying a $3,000 assessment on each condominium owner, payable in three monthly installments, for the purpose of funding the lawsuit. Defendants John and Jane Doe Pensom, owners of one of the condominium units, failed to pay the assessment. Plaintiff recorded a lien on defendants' unit for the unpaid assessment.

On October 16, 2012, plaintiff filed a complaint against defendants, seeking (1) foreclosure on the condominium lien and (2) collection of the unpaid assessment. Plaintiff's complaint alleged that plaintiff had "duly assessed the Subject Premises for the expenses of administration, maintenance and repair of the common elements," but defendants had failed to pay the assessment. In their answer to the complaint, defendants alleged that the assessment was wrongfully levied in violation of Article XXIII of the bylaws, which required that the litigation against the developer and the assessment for the costs of litigation be approved by a vote of the owners.

Article XXIII of the condominium association's bylaws governed plaintiff's "commencement and conduct of any civil action except for actions to enforce the Bylaws of the

-1-

Association or collect delinquent assessments." Article XXIII required that, before any civil action was filed, "the Board shall call a special meeting of the members of the Association ('litigation evaluation meeting') for the express purpose of evaluating the merits of the proposed civil action." In addition, Article XXIII of the Bylaws provided, in part, as follows:

> (e) At the litigation evaluation meeting the members shall vote on whether to authorize the Board to proceed with the proposed civil action and whether the matter should be handled by the litigation attorney. The commencement of any civil action by the Association (other than a suit to enforce the Association's Bylaws or collect delinquent assessments) shall require the approval of two-thirds majority in number and in value. Any proxies to be voted at the litigation meeting must be signed at least seven (7) days prior to the litigation evaluation meeting.

> (f) All legal fees incurred in pursuit of any civil action that is subject to this Article XXIII shall be paid by special assessment of the members of the Association ("litigation special assessment"). The litigation special assessment shall be approved at the litigation evaluation meeting (or at any subsequently duly called and noticed meeting) by a majority in number and in value of all members of the Association in the amount of the estimated total cost of the civil action. . . .

Plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (10), arguing that Article XXIII of the bylaws was unenforceable because it violated the Michigan Condominium Act and the Michigan Nonprofit Corporation Act and, therefore, defendants had no defense to the complaint. Thereafter, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that it was undisputed that plaintiff intentionally disregarded Article XXIII of the bylaws by commencing the litigation and levying the litigation assessment without approval of the owners. The trial court granted plaintiff's motion for summary disposition and denied defendants' motion, concluding that Article XXIII violated the Michigan Condominium Act and the Michigan Nonprofit Corporation Act because it unreasonably restricted plaintiff's right to pursue litigation and that the assessment was an "additional assessment" under Article II, Section 3(a) of the Bylaws. After a hearing on damages, costs, and attorney fees, the court ultimately entered judgment for plaintiff in the amount of $19,111.55.

Defendants appealed the trial court's judgment in this Court, arguing that the assessment was a special assessment for litigation under Article XXIII, thereby requiring authorization by 60% of the association members. This Court agreed, finding no support "for the trial court's finding that the assessment was an additional assessment under Article II, Section 3(a)." *Nottingham Village Condominium Ass'n v Pensom*, unpublished opinion per curiam of the Court of Appeals, issued March 24, 2015 (Docket No. 319552), p 5. This Court further determined that the trial court erred in concluding that Article XXIII violated the Michigan Condominium Act or the Michigan Nonprofit Corporation Act. *Id*. at 6. Therefore, this Court reversed the trial court's order granting summary disposition in favor of plaintiff and remanded for entry of an order granting summary disposition to defendants. *Id*. at 12. In addition, after concluding that plaintiff was not entitled to attorney fees either under the Michigan Condominium Act or under the Bylaws, this Court vacated the trial court's amended judgment awarding attorney fees and costs to plaintiff and remanded for an evidentiary hearing "to determine those reasonable attorney fees and costs due defendants." *Id.*

Thereafter, plaintiff sought leave to appeal in the Michigan Supreme Court. On February 2, 2016, the Supreme Court entered the following order:

> On order of the Court, the application for leave to appeal the March 24, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment that remands for an evidentiary hearing to determine reasonable attorney fees and costs due the defendants. The Court of Appeals does not provide authority for awarding attorney fees and costs to the defendants. This order is without prejudice to the defendants seeking in Wayne Circuit Court any attorney fees and costs to which they might be entitled. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Nottingham Village Condominium Ass'n v Pensom*, 499 Mich 852; 873 NW2d 778 (2016).]

On remand, plaintiff moved to amend its complaint to add a claim for unjust enrichment and to add to its foreclosure claim an allegation that, on May 26, 2015, 66 2/3% of the condominium owners voted in favor of ratifying the Board of Directors' decision to file the lawsuit against the developer. Defendants filed a motion for attorney fees and costs under MCL 600.2591, arguing that plaintiff's action was frivolous. Specifically, defendants argued that plaintiff knew that the facts underlying its claims were false when it alleged that it "duly assessed" defendants' premises for "the expenses of administration, maintenance and repair of the common elements."

On May 6, 2016, the trial court determined that it did not have the authority to grant plaintiff's motion for leave to amend the complaint where the Court of Appeals directed the trial court to enter an order of summary disposition in favor of defendants and to address the attorney fee issue. In addition, the trial court concluded that plaintiff's complaint was frivolous. On May 20, 2016, the trial court entered an order granting defendants' motion for attorney fees under MCL 600.2591 and MCR 2.114, in the amount of $7,739, and costs in the amount of $125.

## II. ATTORNEY FEES AND COSTS

Plaintiff first argues that the trial court erred in awarding attorney fees to defendants on the basis that plaintiff's claims were frivolous. We disagree.

A trial court's findings regarding whether a claim was frivolous are reviewed for clear error. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). "A finding is clearly erroneous if, after a review of the record, this Court is left with a definite and firm conviction that a mistake was made." *Lawrence v Burdi*, 314 Mich App 203, 220; 886 NW2d 748 (2016). "This Court reviews de novo whether the trial court properly interpreted and applied the relevant court rules to the facts." *Id*.

MCL 600.2591 provides as follows:[1]

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

The trial court found that the complaint was frivolous because plaintiff had no reason to believe that it had "duly assessed the Subject Premises for the expenses of administration, maintenance and repair of the common element," where plaintiff knew that the assessment was specifically levied for the purpose of funding litigation against the developer. Given that plaintiff was informed of the requirements for approving an assessment as clearly outlined in the Bylaws, we cannot find that the trial court clearly erred in its conclusion. Because plaintiffs had no reasonable basis to believe that the facts underlying their complaint were true, the trial court properly awarded attorney fees and costs to defendants under MCL 600.2591 and MCR 2.114.

### III. MOTION TO AMEND COMPLAINT

Plaintiff next argues that the trial court erred in denying plaintiff's motion to amend the complaint to add a claim of unjust enrichment and to add an allegation that 66 2/3% of the

---

[1] MCR 2.114(F) provides that, "[i]n addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." Under MCR 2.625(A)(2), "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591."

-4-

condominium owners voted, on May 26, 2015, to approve the filing of the litigation against the developer, ratifying the Board of Directors' earlier decision to file the litigation. We disagree.

A trial court's decision to deny a motion to amend a complaint is reviewed for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

We first note that the trial court erred in concluding that it did not have the authority to grant plaintiff's motion to amend on remand. Under MCR 2.116(I)(5), "[i]f the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004). The opportunity for the nonprevailing party to amend its pleadings pursuant to MCR 2.118 should be freely granted, unless the amendment would not be justified. MCR 2.118(A)(2); *Ormsby*, 471 Mich at 52-53. Because defendants' motion for summary disposition was based on MCR 2.116(C)(10), the plain language of MCR 2.116(I)(5) required that the trial court give plaintiff an opportunity to amend the complaint under MCR 2.118, unless the amendment "would not be justified." MCR 2.116(I)(5).

Nevertheless, we conclude that the trial court properly denied plaintiff's motion to amend, albeit for the wrong reason. Amendment of a complaint is not justified if it is futile. *Ormsby*, 471 Mich at 53. Allowing plaintiff to amend its complaint to add a claim for unjust enrichment would have been futile. An unjust enrichment claim, which implies a contract when one individual has been inequitably enriched at the expense of another, will not stand where there is an express contract governing the same subject matter. *ATF Michigan v Michigan*, 303 Mich App 651, 661; 846 NW2d 583 (2014). Plaintiff's unjust enrichment claim alleged that defendants were unjustly enriched because they benefited from the litigation against the developer without contributing to the costs of the litigation. Whether defendants were required to contribute to the costs of the litigation was governed by the Bylaws. Considering the first appeal of this case, we stated that "[t]he bylaws of a corporation . . . constitute a binding contract between the corporation and its shareholders." *Nottingham Village*, unpub op at 3, quoting *Allied Supermarkets, Inc v Grocer's Dairy Co*, 45 Mich App 310, 315; 206 NW2d 490 (1973). Because an express contract between the parties governed whether defendants were required to contribute to the costs of the litigation, an unjust enrichment claim would have failed.

Plaintiff's proposed amendment adding an allegation that 66 2/3% of the condominium owners voted, on May 26, 2015, to approve the filing of the litigation against the developer would also have been futile. Plaintiff supported its proposed ratification claim with a document entitled "Oath of Inspector of Ratification Votes," which indicates as follows:

> 1. A Ratification Vote was taken of the Members of Nottingham Village Condominium Association pursuant to which the approval of 66-2/3%, in number and in value, of the total Co-owners cast affirmative votes to ratify and approve the lawsuit against MJC Companies and others, in the Wayne County Circuit Court, being Case No. 11-007050 CZ, claiming, among other things, defective work performed at the Nottingham Village Project.

The Oath of Inspector of Ratification Votes makes no mention of the levying of an assessment or of an amount of any assessment. The same formalities required for the authorization of an act are required for its subsequent ratification. *Tuscany Grove v Peraino*, 311 Mich App 389, 400; 875 NW2d 234 (2015). While the ratification vote may have ratified the filing of the lawsuit, it does not appear to have ratified the levying of a litigation assessment. Because the proposed amendment added an allegation that the owners ratified "the lawsuit against MJC Companies . . . ," but did not indicate that the owners approved the levying of an assessment to fund the litigation, the proposed amendment would have been futile.

While the trial court erred in denying plaintiff's motion to amend on the basis that it did not have authority to grant the motion, the motion, nevertheless, was properly denied where the proposed amendments would have been futile. "[T]his Court will not reverse where the trial court reached the right result for the wrong reason." *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998).

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron