1300 LAFAYETTE EAST COOPERATIVE, INC v SAVOY

Docket Nos. 281577 and 282128. Submitted April 8, 2009, at Detroit. Decided April 16, 2009. Approved for publication June 18, 2009, at 9:10 a.m.

1300 Lafayette East Cooperative, Inc., brought an action in the Wayne Circuit Court against Steven and Jacalyn Savoy, alleging breach of an occupancy agreement and seeking past-due rent. The action was preceded by consent judgments in summary eviction proceedings in the 36th District Court. The plaintiff dismissed its claims against Jacalyn Savoy after case evaluation. On competing motions for summary disposition, the circuit court, Prentis Edwards, J., denied the plaintiff's motion and granted summary disposition for Steven Savoy, ruling that the claims against that defendant had been resolved in the summary eviction proceedings in the district court. The circuit court subsequently denied the defendants' motion for sanctions against the plaintiff for filing a frivolous action. The plaintiff appealed the denial of its summary disposition motion, the defendants appealed the denial of their motion for sanctions, and the appeals were consolidated.

The Court of Appeals held:

1. The circuit court erred by ruling that the plaintiff's action was precluded by the summary eviction proceedings in the district court. The consent judgments in the district court stated the amount the defendants had to pay to keep occupying the leased premises, but did not include an award of damages. MCL 600.5739(1) and MCR 4.201(G)(1)(a)(i) allow, but do not require, parties to a summary eviction proceeding to join a claim or counterclaim for money to the claims or counterclaims in the summary proceeding. A summary eviction judgment must state the amount of past-due rent that, if timely paid, will allow the defendant to remain in possession of the premises. The amount of past-due rent is not a judgment for damages enforceable by a writ of execution. Finally, MCL 600.5750 provides that the remedy provided by summary proceedings is in addition to, and not exclusive of other legal, equitable, or statutory remedies.

2. A summary eviction judgment is conclusive on the narrow issue whether eviction is proper where, as in this case, no claim for damages is made in the summary eviction proceeding.

3. The case must be remanded for further proceedings because a question remains with regard to whether the plaintiff terminated the occupancy agreement under an article in the parties' agreement and whether there is liability for occupancy fees.

4. The circuit court did not clearly err by finding that the plaintiff's action was not frivolous for purposes of MCL 600.2591, which governs sanctions for frivolous actions. The action did not meet the statutory definitions of "frivolous." The plaintiff's primary purpose in initiating the action was not to harass, embarrass, or injure the defendants. MCL 600.2591(3)(a). Most of the underlying facts were undisputed, so the plaintiff had a reasonable basis to believe that the facts underlying its legal position were true. MCL 600.2591(3)(a)(ii). The plaintiff's legal position was not devoid of arguable legal merit. MCL 600.2591(3)(a)(iii).

Affirmed in part, reversed in part, and remanded for further proceedings.

*Pentiuk, Couvreur & Kobiljak, P.C.* (by *April E. Knoch, Randall A. Pentiuk,* and *Creighton D. Gallup*), for the plaintiff.

*Lawrence R. Walker, P.C.* (by *Lawrence R. Walker*), for the defendants.

Before: ZAHRA, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM. In Docket No. 281577, plaintiff, 1300 LaFayette East Cooperative, Inc., appeals as of right the circuit court's order denying its motion for summary disposition and granting summary disposition in favor of defendant Steven Savoy.[1] In Docket No. 282128, defendants appeal the circuit court's postjudgment or-

---

[1] Plaintiff voluntarily dismissed its claims against defendant Jacalyn Savoy with prejudice following the case evaluation. Therefore, for purposes of this opinion, the term "defendant" refers to defendant Steven Savoy only.

der denying their motion for sanctions. We affirm in part, reverse in part, and remand for further proceedings.

This case arises from defendant's breach of his occupancy agreement with plaintiff for Unit 2707-C at the 1300 LaFayette East Cooperative. Plaintiff brought this action in circuit court to recover unpaid rent allegedly due under the agreement. The circuit court determined that the issues in the case were resolved in prior summary proceedings in district court and, therefore, denied plaintiff's motion for summary disposition and granted summary disposition in favor of defendant.

### I. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Plaintiff moved for summary disposition under MCR 2.116(C)(7), (9), and (10). Defendant moved for summary disposition under MCR 2.116(C)(10) and (I)(2).

MCR 2.116(C)(7) allows a trial court to grant summary disposition when a *claim* is barred by a prior judgment or disposition. In this case, plaintiff was the only party asserting a claim; it did not seek, nor could it logically argue for, dismissal of its own claims. Therefore, subrule C(7) is not applicable.

MCR 2.116(C)(9) allows a court to grant summary disposition when a party fails to state a valid defense to a claim. A motion under this subrule tests the sufficiency of the pleadings, and all well-pleaded allegations must be accepted as true. *Slater v Ann Arbor Pub Schools Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002). In this case, however, both parties relied on documentary evidence to support their arguments. Therefore, subrule C(9) also is not applicable.

A motion under MCR 2.116(C)(10) tests the factual support for a claim. When reviewing a motion under MCR 2.116(C)(10), the court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party has the burden of establishing through affidavits, depositions, admissions, or other documentary evidence that a genuine issue of disputed fact exists. *Id*. A question of fact exists when reasonable minds can differ on the conclusions to be drawn from the evidence. *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379, 398-399; 491 NW2d 208 (1992). Only "the substantively admissible evidence actually proffered" may be considered. *Maiden, supra* at 121; see also MCR 2.116(G)(6). If there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, summary disposition is properly granted. *Maiden, supra* at 120.

Summary disposition may be granted in favor of an opposing party under MCR 2.116(I)(2) if there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law.

## II. DOCKET NO. 281577

### A. PRELIMINARY MATTERS

Initially, defendant argues, as he did below, that plaintiff was not entitled to summary disposition under MCR 2.116(C)(10), irrespective of the merits of its motion, because its motion was not properly supported. We disagree.

A motion under subrule C(10) must be supported by affidavits, depositions, admissions, or other documentary

evidence. See MCR 2.116(G)(4) and (6). Under subrule G(6), the submitted evidence may be considered in a C(10) motion only to the extent that it would be substantively admissible. However, the *Maiden* Court noted:

> "The evidence *need not be in admissible form*; affidavits are ordinarily not admissible evidence at a trial. But it must be admissible in content . . . . Occasional statements in cases that the party opposing summary disposition must present admissible evidence . . . should be understood in this light, as referring to the content or substance, rather than the form, of the submission." [*Maiden, supra* at 124 n 6 (emphasis added), quoting *Winskunas v Birnbaum*, 23 F3d 1264, 1267-1268 (CA 7, 1994).]

Thus, documentary evidence that would be "plausibly admissible" at trial if a proper foundation is laid is sufficient to survive a C(10) motion. See *id.* at 124-125. Defendant is incorrect in arguing that documents cannot be used to establish a question of fact unless they are supported by affidavits, depositions, or admissions.

Next, plaintiff argues that the circuit court's decision was improperly based on a superseded local court rule. We disagree.

MCR 4.201(G)(1)(c) provides, "A court with a territorial jurisdiction which has a population of more than 1,000,000 may provide, by local rule, that a money claim or counterclaim must be tried separately from a claim for possession unless joinder is allowed by leave of the court pursuant to subrule (G)(1)(e)." In 1985, the 36th District Court adopted such a rule, LCR 4.201(G)(1)(c), but that rule was later rescinded effective June 9, 2004. See 470 Mich lxxvii (2004). Thus, as plaintiff argues, it would have been improper for the circuit court to rely on a superseded local rule. However, as will be discussed later, plaintiff did not assert a claim for money damages in the earlier district court proceedings. Thus, even if the local rule had been in effect, it would not have

applied to this case. Further, there is no indication that the circuit court relied on this local rule. Therefore, we need not consider this issue further.

### B. SUMMARY EVICTION PROCEEDINGS

Chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.*, allows for summary eviction proceedings to be brought in district court to recover possession of a rented or leased residence and to obtain ancillary relief. In this case, Article 13 of the parties' occupancy agreement provides that these summary procedures apply.

### 1. JOINDER OF DAMAGES CLAIMS

Plaintiff argues that the circuit court erred by ruling that its action for damages was precluded by the prior summary eviction proceedings in the district court. We agree.

With regard to joinder of claims in summary eviction proceedings, MCL 600.5739(1) provides:

> Except as provided by court rules, a party to summary proceedings may join claims and counterclaims for money judgment for damages attributable to wrongful entry, detainer, or possession, for breach of the lease or contract under which the premises were held, or for waste or malicious destruction to the premises. The court may order separate summary disposition of the claim for possession, without prejudice to any other claims or counterclaims. A claim or counterclaim for money judgment shall not exceed the amount in controversy that otherwise limits the jurisdiction of the court.

See also MCR 4.201(G)(1)(a)(i). Thus, a party *may* join a claim for damages in a summary eviction proceeding up to the district court's jurisdictional limits, but it is not required to do so.

We agree with plaintiff that the circuit court erred by seemingly concluding that the district court's actions included a claim for damages that was conclusively settled when the trial court issued the two consent judgments. Regarding a judgment in a summary eviction proceeding, MCL 600.5741 provides:

> If the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution as provided in this chapter. *If it is found that the plaintiff is entitled to possession of the premises, in consequence of the nonpayment of any money due under a tenancy,* or the nonpayment of moneys required to be paid under an executory contract for purchase of the premises, *the jury or judge making the finding shall determine the amount due or in arrears at the time of trial which amount shall be stated in the judgment for possession.* In determining the amount due under a tenancy the jury or judge shall deduct any portion of the rent which the jury or judge finds to be excused by the plaintiff's breach of the lease or by his breach of 1 or more statutory covenants imposed by section 39 of chapter 66 of the Revised Statutes of 1846, as added, being section 554.139 of the Compiled Laws of 1948. *The statement in the judgment for possession shall be only for the purpose of prescribing the amount which, together with taxed costs, shall be paid to preclude issuance of the writ of restitution.* The judgment may include an award of costs, enforceable in the same manner as other civil judgments for money in the same court. [Emphasis added.]

Thus, a summary eviction judgment *must* state the amount of past-due rent that, if timely paid, will allow a defendant to remain in possession of the premises. See also MCL 600.5744(1), (4), and (6). But unlike an ordinary damages award, and unlike the award of costs expressly authorized by this section, the amount of past-due rent is *not* a judgment for damages enforceable by a writ of execution. *Gregor v Olde*, 209 Mich 43, 48;

176 NW 580 (1920); see also *Armstrong v Grimm*, 268 Mich 437, 438; 256 NW 475 (1934).

Here, neither district court complaint contained a request for money damages, and neither consent judgment contained an award of money damages. Rather, both consent judgments contained a statement of the amount of past-due rent that, if timely paid, would allow defendant to remain in possession of the residence.

We agree with plaintiff that the district court proceedings did not preclude a subsequent action for damages. MCL 600.5750 states:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. *The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.* [Emphasis added.]

Thus, it is clear that a subsequent action for damages was not precluded by plaintiff's decision to institute summary eviction proceedings. As the Supreme Court explained in *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 168-169; 600 NW2d 617 (1999), "[p]lainly the Legislature took [summary eviction] cases outside the

realm of the normal rules concerning merger and bar [of related claims] in order that attorneys would not be obligated to fasten all other pending claims to the swiftly moving summary proceedings." Accordingly, the circuit court erred by ruling that plaintiff's action for damages was precluded by the prior district court summary eviction proceedings.

### 2. RES JUDICATA

Plaintiff argues that the circuit court erred by ruling that the prior district court consent judgments barred its circuit court action for damages. Plaintiff argued below that the district court consent judgments were conclusive on all issues, including defendant's liability for future damages, *except* the amount of damages due. That is incorrect.

In *Sewell v Clean Cut Management, Inc*, 463 Mich 569, 576-577; 621 NW2d 222 (2001), our Supreme Court stated that although a summary eviction judgment does not bar other claims and remedies, it is "conclusive on the narrow issue whether the eviction was proper." In other words, a district court judgment is res judicata on the issue of who has the right to possess the premises, because that question is actually litigated in the district court. *Id*. at 574-577. Thus, where, as in this case, no claim for damages is asserted in the district court, the district court judgment is conclusive only on the question of who has a right to possess the premises.

### C. DEFENDANT'S CONTINUING OBLIGATION TO PAY RENT

Plaintiff argues that it was entitled to summary disposition because there is no question of material fact that defendant remained obligated to pay occupancy fees pursuant to his membership in the cooperative.

Plaintiff adds that defendant's membership in the co-operative, which defendant failed to properly terminate, is different from defendant's tenancy, i.e., his right to possession of the dwelling unit. Conversely, defendant argues that he was entitled to summary disposition instead of plaintiff because there is no question of material fact that the consent judgments provided proper notice of the termination of the occupancy agreement.

Article 4 provides that after its initial three-year term, the occupancy agreement would be subject to automatic renewal for another three-year period, unless

> (1) notice of the Member's election not to renew shall have been given to the Corporation in writing at least four (4) months prior to the expiration of the then current term, and (2) the Member shall have on or before the expiration of said term (a) endorsed his or her stock certificate for transfer in blank and deposited the same with the Corpo-ration, and (b) met all his or her obligations and paid all amounts due under this agreement up to the time of said expiration, and (c) vacated the Dwelling Unit, leaving the same in good state of repair. Upon compliance with provi-sions (1) and (2) of this Article, the Member shall have no further liability under this agreement and shall be entitled to no payment from the Corporation.

As a corollary to Article 4, Article 13 states:

> It is hereby mutually agreed as follows: At any time after the happening of any of the events specified in clauses (a) to (j) of this Article the Corporation may, at its option, give to the Member notice that this agreement will expire at a date not less than ten (10) days thereafter, whereupon this agreement and all of the Member's rights hereunder will expire on the date so fixed in such notice, unless in the meantime the default has been cured in a manner deemed satisfactory by the Corporation. It being the intention of the parties hereto to create hereby conditional limitations, and it shall thereupon be lawful for the Corporation to

re-enter the Dwelling Unit and to remove all persons and personal property therefrom, either by summary proceedings or by other suitable action or proceeding at law or equity and to repossess the Dwelling Unit as if this agreement had not been made, and no liability whatsoever shall attach to the Corporation by reason of the exercise of the right of re-entry, repossession, and removal herein granted and reserved.

\* \* \*

(h) In case the Member shall fail to pay any sum due to the Corporation pursuant to the provisions of Article 1 [carrying charges], Article 10 [utilities], Article 11 [repairs] or Article 19 [late charges] hereof.

\* \* \*

*The Member expressly agrees that there exists under this Occupancy Agreement a landlord-tenant relationship* and that in the event of a breach or threatened breach by the Member of any covenant or provision of this agreement, there shall be available to the Corporation such legal remedy or remedies as are available under the law to a landlord for the breach or threatened breach by a tenant of any provision of a lease or rental agreement. [Emphasis added.]

Article 13 also specifies that these remedies are cumulative and are not waived by plaintiff's initial failure to assert them.

Defendant claims that the district court's consent judgments constituted written notice of termination under Article 4 and that this was sufficient to end his obligations under the occupancy agreement. It is undisputed, however, that defendant never indorsed his stock certificate to plaintiff, as required by Article 4. Defendant argues that the bank took possession of the certificate at the closing and, therefore, he could not

have indorsed it to plaintiff. However, this argument raises a factual dispute, thereby precluding summary disposition.

We note, however, that it is undisputed that plaintiff instituted summary eviction proceedings, as permitted by Article 13, after defendant defaulted on his obligation to pay carrying charges under Article 1. Further, it is undisputed that the parties signed a consent judgment entitling plaintiff to possess the unit unless defendant paid his past-due amount in full by a certain date. It is also undisputed that defendant never paid the amount due. Under *Sewell*, the two consent judgments were conclusive on the issue of who was entitled to possession of the dwelling unit, i.e. plaintiff. Moreover, it is undisputed that plaintiff knew that defendant had moved out of the residence. These circumstances raise the question whether plaintiff terminated the occupancy agreement under Article 13, such that rent would not have continued to accrue after December 2003 at the latest and the agreement would not have automatically renewed in November 2004. However, the parties did not address the effect of Article 13 below, nor have they done so on appeal, and the trial court did not consider this issue. Therefore, we remand this case for further proceedings regarding the effect, if any, of Article 13.

## II. DOCKET NO. 282128

Defendants argue that the trial court erred by denying their motion for sanctions on plaintiff for filing a frivolous proceeding. We disagree.

A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641

NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 661-662.

MCR 2.625(A)(2) provides that "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." Similarly, MCL 600.2591 provides:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.
>
> (3) As used in this section:
>
> (a) "Frivolous" means that at least 1 of the following conditions is met:
>
> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (iii) The party's legal position was devoid of arguable legal merit.
>
> (b) "Prevailing party" means a party who wins on the entire record.

In light of our decision to reverse the trial court's grant of summary disposition in favor of defendant, defendants no longer qualify as prevailing parties and,

for that reason, are not entitled to sanctions under MCL 600.2591.[2] The trial court did not err by denying defendants' request for sanctions.

With regard to MCL 600.2591(3)(a)(i), there is no evidence that plaintiff's primary purpose in bringing this action was to embarrass, harass, or injure defendants. Further, most of the underlying facts were undisputed, so MCL 600.2591(3)(a)(ii) also is not applicable. Finally, with regard to MCL 600.2591(3)(a)(iii), because the district court's summary eviction proceedings did not preclude a subsequent circuit court action for damages as a matter of law, plaintiff's legal position was not devoid of arguable legal merit. Moreover, merely because a plaintiff might not ultimately prevail does not mean that the plaintiff's complaint was frivolous. *Kitchen, supra* at 662. In this case, the trial court did not clearly err by determining that plaintiff's action was not frivolous. Thus, the trial court did not err by denying defendants' request for sanctions.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

---

[2] For this reason, we also decline to grant defendants' request for sanctions under MCR 7.219.