*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBIN IVY RECTOR,

　　　　　Plaintiff-Appellant/Cross-Appellee,

v

ALPHONSE MATHEW PULASKI, JR., and
JOANN PULASKI,

　　　　　Defendants-Appellees/Cross-
　　　　　Appellants.

UNPUBLISHED
December 22, 2020

No. 348759
Grand Traverse Circuit Court
LC No. 2018-034273-NI

ROBIN IVY RECTOR,

　　　　　Plaintiff-Appellant,

v

ALPHONSE MATHEW PULASKI, JR., and
JOANN PULASKI,

　　　　　Defendants-Appellees.

No. 349060
Grand Traverse Circuit Court
LC No. 2018-034273-NI

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

In Docket No. 348759, plaintiff Robin Rector appeals as of right the judgment for defendants, Alphonse Pulaski and Joann Pulaski, entered after a jury trial in this action for noneconomic tort damages under the no-fault act, MCL 500.3010 *et seq.* Defendants also cross appeal the trial court's denial of their motion for summary disposition under MCR 2.116(C)(10) as to plaintiff's claim that Alphonse was negligent in the operation of the vehicle. We reverse and remand.

-1-

In Docket No. 349060, plaintiff appeals as of right an award of attorney fees and costs to defendants under MCR 2.405.  We affirm.

## I.  BACKGROUND

On September 15, 2017, Alphonse was driving a pickup truck that he co-owned with his wife, defendant Joann Pulaski.  The truck, which had a snowmobile trailer hitched to it, was in the driveway facing outward toward the road.  Instead of attempting to back up with the trailer, Alphonse decided to drive down the road, turn around, and return home so that he could drive forward pulling the trailer.  After waiting for traffic to clear, Alphonse turned left out of his driveway, onto County Road 633, which is a two-lane road with many curves.  Alphonse drove north approximately 500 feet to a private driveway, turned on his turn signal and looked in his rearview mirror, and then began to make a continuous left-hand turn without stopping.  Alphonse did not look at his speedometer, but estimated his speed at 25 mph as he began the turn.

Plaintiff, who also lived on County Road 633, was riding her motorcycle north on Country Road 633.  As she was coming out of an "S" curve in the road, she saw what she believed to be a truck coming toward her in the southbound lane of the road.  When plaintiff realized that the truck was not traveling south, but was instead a truck pulling a trailer, the truck and trailer were across both lanes of traffic.  Plaintiff recalled applying the rear brake and the brake locking, but she did not recall anything after that time.  The motorcycle skidded approximately 150 feet as it went across the center line and struck the rear left side of the truck.  Plaintiff was projected 15 feet over the truck and landed on the pavement.  Plaintiff was still unconscious when she was taken by ambulance to the hospital.  Plaintiff's mother, who was traveling a distance behind her on another motorcycle, did not observe the accident but said that plaintiff became conscious for a brief moment before paramedics arrived and said, "He pulled out in front of me."  Plaintiff later sued both defendants; Alphonse for negligent operation of the truck and Joann as the truck's co-owner.

Defendants filed a motion for summary disposition under MCR 2.116(C)(10), contending, in relevant part, that they were entitled to judgment as a matter of law because there was no issue of fact that Alphonse had simply made a left-hand turn and that plaintiff failed to develop any theories of liability supported by evidence.  In response, plaintiff maintained that a question of fact existed with respect to whether Alphonse was making a left-hand turn into the driveway from his lane.  She asserted two theories of negligence: (1) the truck was stopped and blocking both lanes of the road in a blind curve, or (2) Alphonse violated Uniform Traffic Code (UTC), R 28.1434 (Rule 434)[1] by making a U-turn that interfered with other traffic.  The trial court concluded that plaintiff's case was "thin" but that factual questions existed with respect to whether or not

---

[1] UTC Rule 434 provides:

> (1) The driver of any vehicle shall not turn the vehicle so as to proceed in the opposite direction on any street in a business district and shall not, on any other street, so turn a vehicle unless the movement can be made in safety and without interfering with other traffic.

> (2) A person who violates this rule is responsible for a civil infraction.

Alphonse was turning in a manner that created a stoppage in the road in violation of the parked vehicle statute, MCL 257.672.

The case ultimately went to trial and the jury found that both plaintiff and defendants were negligent and that they both were a proximate cause of the accident.

## II. DOCKET NO. 348759

We first address defendants' argument on cross appeal that the trial court erred by denying defendants' motion for summary disposition because our conclusion renders it unnecessary for us to address plaintiff's argument that she is entitled to a new trial on the issue of damages.

## A.  STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We review a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks and citation omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

The moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016).

## B. DISCUSSION

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (citation omitted). "The question whether a defendant has breached a duty of care is ordinarily a question of fact for the jury and not appropriate for summary disposition." *Latham by Perry v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000) (citation omitted). "However, when the moving party can show either that an essential element of the nonmoving party's case is missing, or that

the nonmoving party's evidence is insufficient to establish an element of its claim, summary disposition is properly granted[.]" *Id.* (citation and quotation marks omitted).

Defendants argued that there was no genuine issue of fact that Alphonse was making a legal continuous left-hand turn into a driveway from the right side of the road. They asserted that plaintiff lacked evidence to support a finding that Alphonse breached any duty of care. In support of their argument, defendants presented deposition testimony from plaintiff, from Alphonse, from the deputy who responded to the accident, and from the report of an expert in accident reconstruction. The burden then shifted to plaintiff to establish that a genuine issue of material fact existed. The trial court found there may have been a fact question as to whether Alphonse "was parked somehow in a manner that crossed the road" and that if Alphonse had stopped mid-turn, it may have constituted a civil infraction under MCL 257.672.

MCL 257.672(1) provides in relevant part:

> Outside of the limits of a city or village, a vehicle shall not be stopped, parked, or left standing, attended or unattended, upon the paved or main traveled part of the highway, when it is possible to stop, park, or to leave the vehicle off the paved or main traveled part of the highway. Inside or outside of the limits of a city or village, a vehicle shall not be stopped, parked, or left standing, attended or unattended, upon the paved or unpaved part of a limited access highway, except in an emergency or mechanical difficulty. . . .

MCL 257.672(2) makes it a civil infraction to stop or park a vehicle on the paved or main portion of a highway when it is possible to stop or park off the paved or main traveled portion. There is nothing to suggest that the statute applies to a vehicle that stops in its lane before making a left-hand turn. There is nothing in the plain language of the statute to suggest that a violation of MCL 257.672 occurs absent evidence of stopping or parking. There was no evidence that Alphonse stopped or parked his vehicle on the highway. Defendants provided the trial court with Alphonse's deposition testimony, in which he testified that he did not stop his vehicle during the left turn into the driveway and that he did not stop the vehicle at a moment when both lanes of the road were blocked. Plaintiff did not produce evidence to counter this factual assertion. Although plaintiff characterized the turn as a U-turn, her only evidence in support of this assertion is her deposition testimony that it was her "theory" that Alphonse was attempting to make a U-turn because the truck and trailer were "across the whole road" from "dirt to dirt." However, plaintiff did not dispute that a truck that is pulling a trailer will cross both lanes of traffic as it makes a left-hand turn. The affidavit of plaintiff's accident reconstructionist, Duane Meyers, acknowledged Alphonse's testimony that he was making a continuous left-hand turn. Meyers's affidavit seemingly assumes that Alphonse was making a U-turn, but does not provide support for this assumption. Instead, Meyers stated that it "is unknown whether Alphonse was (1) stopped on the east shoulder before attempting to negotiate his U-turn; [or] (2) attempting a U-turn at a very slow speed which would have extended his exposure time to through traffic."

Plaintiff produced no evidence to dispute Alphonse's testimony that he made a continuous left turn into a driveway. When reviewing the trial court's ruling on a motion for summary disposition, this Court "must limit . . . review to the evidence presented to the trial court at the time [the] motion was decided." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d

351 (2003). This Court is charged with viewing only the evidence presented to the trial court at the time it decided defendants' motion for summary disposition. The trial court erred by denying defendants' motion for summary disposition because plaintiff failed to create an issue of fact with respect to her theory that the truck was stopped in the road in violation of MCL 257.672(2) or that Alphonse made an improper U-turn.

## III. DOCKET NO. 349060

Plaintiff's sole argument is that the award of offer of judgment sanctions to defendant must be vacated if this Court reverses the judgment in Docket No. 348759. In light of our disposition in Docket No. 348759, plaintiff is not entitled to relief.

## IV. CONCLUSION

In Docket No. 348759, we reverse the trial court's denial of defendants' motion for summary disposition and remand for entry of an order granting summary disposition in favor of defendants. In Docket No. 349060, we affirm. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica