*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ABDULLAH TALOOL,

        Plaintiff-Appellant,

v

JANICE ALICE RENNALLS and DAVID
GILBERT RENNALLS,

        Defendants-Appellees.

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
April 8, 2021

No. 352070
Wayne Circuit Court
LC No. 18-014362-NI

Before: TUKEL, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants Jane Rennalls and David Rennalls.[1] Plaintiff argues that the trial court erred by granting summary disposition to defendants because he has an objectively manifested impairment as a result of an automobile accident that occurred in November 2015. We disagree, and therefore affirm.

---

[1] As explained by defendants in their brief on appeal, "Janice Rennalls" is actually "Jane Renalls." Consequently, despite how she is identified in the caption for this case, we will refer to her as "Jane" throughout this opinion.

## I. UNDERLYING FACTS

This case arises from a minor car accident on a residential street. In November 2015, Jane's vehicle struck plaintiff's vehicle as he was pulling out of a driveway. Neither cars' airbags deployed and the police report concluded that "[t]here were no injuries and both vehicles involved were able to be driven off location." Ten days after the accident, plaintiff visited his primary care physician, Dr. Raya H. Hussain.[2] Dr. Hussain wrote in her notes for the visit that plaintiff had "[n]o recent change in medical history" and did not even mention the November 2015 car accident. Indeed, Dr. Hussain's notes regarding plaintiff's physical condition were essentially identical to plaintiff's condition before the accident. Similarly, in the months that followed the accident, Dr. Hussain's treatment notes did not address either plaintiff's involvement in the accident or his having developed any new medical condition or injury.

About a year-and-a-half after the accident, Dr. Steven R. Geiringer performed an independent medical evaluation (IME) of plaintiff to determine how the accident affected plaintiff. Dr. Geiringer examined plaintiff and reviewed Dr. Hussain's treatment notes from 2013 through the date of Dr. Geiringer's examination of plaintiff. On this basis, Dr. Geiringer concluded that it was "clear with 100% certainty that . . . no condition or even subjective symptoms arose from" the November 2015 car accident.

Plaintiff eventually filed a complaint against defendants alleging that Jane's negligence caused the car accident and that he had suffered injuries in excess of the no-fault threshold, thereby permitting tort recovery.[3] Plaintiff, however, attached no medical records to his complaint as substantiation of his claims. Defendants denied the allegations in the complaint and eventually moved for summary disposition under MCR 2.116(C)(10). Defendants argued that they were entitled to summary disposition because plaintiff had not suffered an objectively manifested impairment resulting from the accident. Specifically, defendants argued that Dr. Hussain's records, as well as Dr. Geiringer's IME report, established that plaintiff's medical condition was the same after the accident as it had been before the accident. Plaintiff responded and disagreed, arguing that Dr. Hussain's records established that his condition worsened after the crash; plaintiff additionally argued that there was a dispute of material fact regarding the nature and extent of his injuries which precluded the trial court from granting summary disposition to defendants. After a short hearing on defendants' motion, the trial court granted summary disposition to defendants, holding that there was no dispute of material fact and that plaintiff had not suffered an objectively manifested impairment as a result of the accident. This appeal followed.

## II. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206;

---

[2] Plaintiff testified, at his deposition, that he went to see Dr. Hussain the day after the accident, but the treatment notes that plaintiff and defendants provided to the trial court show that plaintiff did not see Dr. Hussain until 10 days after the accident.

[3] Plaintiff sued Jane for negligence and sought to hold David liable under an ownership theory.

815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

Furthermore, the moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party demonstrates that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present sufficient evidence to dispute that fact. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Finally, "[w]e review de novo questions of statutory interpretation." *Hayford v Hayford*, 279 Mich App 324, 325-326; 760 NW2d 503 (2008).

## III. ANALYSIS

The no-fault act, MCL 500.3101 *et seq*., "generally abolishes tort liability arising from the ownership, maintenance, or use of a motor vehicle." *Johnson v Recca*, 492 Mich 169, 175; 821 NW2d 520 (2012). But MCL 500.3135 provides several exceptions to this general rule. *Id*. One of these exceptions is established by MCL 500.3135(1), which provides in relevant part:

> [A] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. [MCL 500.3135(1).]

Accordingly, to hold defendants liable, plaintiff must establish that he has suffered either death, serious impairment of body function, or permanent serious disfigurement. See *id*.; *Patrick*, 322 Mich App at 606. In this case, plaintiff argues that he suffered a serious impairment of body function.

To constitute a "serious impairment of body function," an impairment must be objectively manifested. *McCormick v Carrier*, 487 Mich 180, 195-196; 795 NW2d 517 (2010). This means that an impairment must be "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *Id*. at 196. "[T]he proper inquiry is whether the *impairment* is objectively manifested, not the *injury* or its symptoms." *Id*. at 197. "Although mere subjective complaints of pain and suffering are insufficient to show impairment, evidence of a physical basis for that pain and suffering may be

introduced to show that the impairment is objectively manifested. Medical testimony is generally, but not always, required to make this showing." *Patrick*, 322 Mich App at 607.

A trial court is to decide as a matter of law whether a person has suffered a serious impairment of body function

> only if (1) there is no factual dispute concerning the nature and extent of the person's injuries or (2) there is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function. [*Patrick*, 322 Mich App at 607-608 (quotation marks, alterations, and citation omitted).]

Plaintiff argues that a factual dispute concerning the nature and extent of his injuries exists here because Dr. Geiringer's IME report and Dr. Hussain's treatment notes are contradictory.

Plaintiff's argument is meritless and unsupported by the record. Dr. Geiringer's IME report and the treatment notes of Dr. Hussain are consistent with one another. Dr. Geiringer personally examined plaintiff and then reviewed years of Dr. Hussain's treatment notes of plaintiff from both before and after the accident. After this searching inquiry, Dr. Geiringer concluded that the car accident neither injured plaintiff nor aggravated any of his preexisting conditions.

Far from contradicting Dr. Geiringer, Dr. Hussain's treatment notes of plaintiff support Dr. Geiringer's conclusion, and indeed form the basis of some of them. Every condition from which plaintiff argues he suffered as a result of the accident was also a condition from which he suffered before the accident. For example, plaintiff claims that he suffered from muscle spasms as a result of the accident; but Dr. Hussain's treatment notes list muscle spasms as occurring before the accident.[4] Furthermore, after the accident, Dr. Hussain repeatedly observed that there had been "[n]o recent change in [plaintiff's] medical history." Consequently, Dr. Hussain's treatment notes do not establish that the crash aggravated any of plaintiff's preexisting conditions.

During his deposition, plaintiff testified that he felt pain as a result of the accident, but his testimony, viewed in the light most favorable to him, established nothing more than subjective complaints of pain. Plaintiff's subjective complaints of pain, without more, are insufficient to establish an objectively manifested impairment. See *Patrick*, 322 Mich App at 607. Consequently, plaintiff failed to present any evidence of a physical basis for his alleged pain and suffering, let alone any basis that pain was caused by the accident.

After considering the evidence in full, plaintiff's claims that he suffered new injuries from the accident lack any support in the record. Similarly, plaintiff's alternative claim that his preexisting conditions were aggravated by the accident also are unsupported by the record. Thus, the record before the trial court did not present any disputes of material fact regarding the nature and extent of any injuries suffered by plaintiff as a result of the accident. As such, the trial court

---

[4] Plaintiff's argument that he suffered from thoracic neuritis, lumbago, cervicalgia, and cervical neuritis as a result of the accident is similarly unsupported by the record. These conditions appeared in Dr. Hussain's treatment notes of plaintiff before the accident.

correctly determined that no dispute of material fact precluded it from ruling on defendants' motion for summary disposition. See *Patrick*, 322 Mich App at 607-608.

Given that plaintiff suffered neither injury nor impairment, we may quickly dispose of plaintiff's second argument, that he suffered an objective impairment as a result of the accident. As discussed, the record before the trial court lacked any evidence establishing a physical basis for plaintiff's complaints of pain that he claimed were caused by the accident. Furthermore, the medical records in this case fail to establish any change in plaintiff's medical condition as a result of the accident. Thus, plaintiff failed to support his complaints of pain with any objective evidence. As such, plaintiff failed to establish that he suffered an objectively manifested impairment as a result of the accident and the trial court correctly granted summary disposition to defendants. See *McCormick*, 487 Mich at 195-198; *Patrick*, 322 Mich App at 607-606.

## IV. CONCLUSION

For the reasons stated in this opinion, the trial court's order granting summary disposition to defendants is affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Thomas C. Cameron