*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEONARD RILEY,

        Plaintiff-Appellant,

v

TREVOR PAYNE and CHRISTOPHER STEVEN PAYNE,

        Defendants-Appellees.

UNPUBLISHED
February 24, 2025
8:48 AM

No. 370300
Lenawee Circuit Court
LC No. 22-006931-NI

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

This negligence action arose after an off-road vehicle (ORV) driven by defendant, Trevor Payne, flipped, resulting in injuries to plaintiff, Leonard Riley, who was a passenger. The trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning of July 17, 2021, plaintiff was visiting a friend's campsite in a campground during a music festival. At around 3 a.m., Trevor, who was an acquaintance of plaintiff's, arrived at the campsite driving a Polaris Ranger ORV, owned by defendant Christopher Payne. Trevor offered to take plaintiff and two others on a ride in the ORV, which was a four-seater equipped with roll bars. Plaintiff was seated in the rear passenger seat next to his friend, and another friend was seated in the front passenger seat next to Trevor, who drove.

Plaintiff testified during his deposition that the ride was "fun." According to plaintiff, Trevor drove the ORV around the campground for about 15 to 20 minutes, along the tree line and over some hills, at around 25 to 30 mph, sometimes faster and sometimes slower. Then, plaintiff testified, "[Trevor] caught a rut and [the ORV] flipped over and over and over in the field." Plaintiff was asked if he "kn[e]w if [Trevor] did anything to cause the vehicle to flip over," and he responded, "No." Plaintiff testified that, when the ORV flipped, he was thrown onto the ground and felt immediate pain throughout the top half of his body. He was transported to an emergency room where he was treated for his injuries, which included a fractured rib, joint separation in his

shoulder, and chest bruising. Plaintiff later underwent orthopedic surgery in connection with his shoulder injury.

After the accident, the Columbia Township Police Department created an "Incident Report" and "State of Michigan Traffic Crash Report" (collectively referred to as the "police report"). The police report identified the weather conditions as "rain" and the road surface condition as "wet." In a box titled "Sequence of Events," the report stated, "01 – Loss of Control," and in a box titled "Hazardous Action," the report stated "Speed too Fast." There is nothing in the record regarding the source of information for these notations—i.e., whether some or all of them were based on the responding officer's own personal observations upon arriving at the scene of the accident, or whether one of the four passengers (or some other person) made any statements to the responding officer that provided the information.

Plaintiff brought a negligence claim against Trevor, alleging that he acted negligently by driving the ORV "carelessly and heedlessly," "at a dangerous and illegal speed," and "in a reckless manner," so as to endanger others. He also brought a negligent entrustment claim against Christopher. After discovery, defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing, in pertinent part, that there was no genuine issue of material fact as to whether Trevor breached his duty to plaintiff. Defendants argued that liability for the accident was limited by a provision of the Natural Resources and Environmental Protection Act (NREPA), which states that participants in the sport of ORV riding accept the risks of the sport "insofar as the dangers are inherent." MCL 324.81133(3). Defendants argued that, per the statute, hitting a rut was an inherent danger of the sport, and there was no evidence that Trevor acted negligently so as to remove the accident from the purview of the statute.

In his response to defendants' motion, plaintiff argued that the limitation of liability set forth in MCL 324.81133(3) was not applicable because that statute provides that injuries which result from another person's negligence are not inherent dangers of riding an ORV and that Trevor acted negligently by operating the ORV at an unreasonable speed given the conditions. In their reply brief, defendants argued that plaintiff relied solely on inadmissible hearsay contained within the police report for his assertion that Trevor was driving the ORV too fast, which was insufficient to create a genuine issue of material fact.

The trial court held a hearing on defendants' motion, and the parties argued consistently with their briefs. Plaintiff's counsel summarized his theory of negligence as follows: "The ORV flipped. ORV[s] don't flip just on their own, Your Honor. This is almost a res ipsa loquitur in terms of the negligence here. Defendant rolled [the ORV], and my client was thrown from it." When the trial court asked plaintiff's counsel to articulate the negligent act that provided the basis of his claim, plaintiff's counsel responded:

> *A.* [Trevor] shouldn't have rolled the vehicle, and according to [plaintiff's] testimony, he assumed they hit a rut because of that, because the vehicles, they just don't roll if you're going straight ahead, and, that's in essence what happened.

\* \* \*

He testified that he thought they caught a rut. He testified that it was dark, that it was wet, that it was rainy, they couldn't see where they were going, so they probably shouldn't have been in it in the first place. But, I think that the negligence, like I mentioned earlier, it's almost a res ipsa loquitur. There was no other vehicle involved in this, so he can't claim that he was struck by a vehicle and that's what caused it to roll over. Defendant was in control of the vehicle at the time it rolled over. My client may not know the exact mechanism, but the fact that it rolled over, I think, is enough, just if you imagine two cars, a vehicle going down the highway. Here, [my client] did testify as to the conditions existing at the time and what he believed was the cause of the injury—or, cause of the incident.

> *Q.* So, the negligent act is hitting the rut?
>
> *A.* And, losing control of the vehicle.

During the hearing, defendants again raised their challenge to the admissibility of the police report, arguing that the report was hearsay and that no exception applied. Plaintiff made no argument in response regarding admissibility.

The trial court granted defendants' motion, finding that plaintiff failed to set forth any admissible evidence showing that Trevor acted negligently.[1] Plaintiff moved for reconsideration, and the trial court denied the motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews the grant or denial of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Cantina Enterprises II Inc v Property-Owners Ins Co*, ___ Mich App __, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 5. The evidence offered in support of or in opposition to a motion under MCR 2.116(C)(10) is viewed in the light most favorable to the nonmoving party, *Cantina Enterprises*, ___ Mich App at ___; slip op at 4,

---

[1] Although defendants did not specifically address plaintiff's negligent entrustment claim against Christopher in their motion for summary disposition, the entrustee's—in this case, Trevor's—negligence is a necessary element of that claim. See, e.g., *Allstate Ins Co v Freeman*, 160 Mich App 349, 357; 408 NW2d 153 (1987) (explaining that a claim for negligent entrustment has two elements: (1) "the entrustor [was] negligent in entrusting the instrumentality to the entrustee"; and (2) "the entrustee . . . negligently or recklessly misuse[d] the instrumentality"). Accordingly, the trial court, consistent with defendants' requested relief, dismissed plaintiff's complaint in its entirety. On appeal, plaintiff does not take issue with this aspect of the trial court's ruling.

and "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion," MCR 2.116(G)(6).

## III. ANALYSIS

The applicable standard of care where injuries result from the sport of riding an ORV is set forth in MCL 324.81133, which states, in pertinent part:

> Each person who participates in the sport of ORV riding accepts the risks associated with that sport insofar as the dangers are inherent. Those risks include, but are not limited to, injuries to persons or property that can result from variations in terrain; defects in traffic lanes; surface or subsurface snow or ice conditions; bare spots; rocks, trees, and other forms of natural growth or debris; and collisions with fill material, decks, bridges, signs, fences, trail maintenance equipment, or other ORVs. Those risks do not include injuries to persons or property that result from the use of an ORV by another person in a careless or negligent manner likely to endanger person or property. [MCL 324.81133(3).]

The trial court correctly concluded that defendants are entitled to summary disposition under MCR 2.116(C)(10) because, based on the record properly before the court, there is no genuine issue of material fact that plaintiff's injuries were the result of "variations in the terrain," an inherent danger of the sport whose risk plaintiff accepted through his voluntary participation.

Plaintiff testified in his deposition that the ORV "hit a rut" which caused it to flip, resulting in plaintiff's injuries. He also testified that he knew of nothing that Trevor did to cause the accident. The deposition testimony, when viewed in the light most favorable to plaintiff, attributes the cause of plaintiff's injuries to what MCL 324.81133(3) expressly identifies as an inherent danger of the sport of riding an ORV. Under the statute, plaintiff accepted that risk and is foreclosed from holding defendants liable for his injuries.

Plaintiff argues that there is a genuine issue of material fact as to whether his injuries were the result of Trevor's use of the ORV in a "careless or negligent manner," which would place them outside of the purview of this statutory acceptance of risk. MCL 324.81133(3). This characterization of Trevor's conduct is seemingly at odds with plaintiff's testimony that he knew of nothing that Trevor did to cause the accident, and plaintiff points to nothing from his testimony which demonstrates that Trevor was negligent in his operation of the ORV or is sufficient to create a genuine issue of material fact in that regard. Instead, plaintiff relies heavily on mere conclusory statements, which are inadequate to survive a motion for summary disposition. See *Cadillac Rubber & Plastics, Inc v Tubular Metal Sys, LLC*, 331 Mich App 416, 422; 952 NW2d 576 (2020) ("The party opposing summary disposition under MCR 2.116(C)(10) may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists.") (cleaned up).

The only other evidence offered by plaintiff in support of his argument are the statements within the police report indicating that Trevor was speeding and lost control of the ORV.[2] Below and on appeal, defendants have challenged the report and its pertinent contents as inadmissible hearsay that cannot provide the basis for finding a genuine issue of material fact. Given the record (or lack thereof) in this case, we agree. In order to be considered for purposes of a summary disposition motion under MCR 2.116(C)(10), the proffered evidence must be substantively admissible. *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 526; 773 NW2d 57 (2009). The evidence need not be in admissible form, but it must be admissible in content. *Id*. "Thus, documentary evidence that would be 'plausibly admissible' at trial if a proper foundation is laid is sufficient to survive to a [motion under MCR 2.116(C)(10)]." *Id*., citing *Maiden*, 461 Mich at 124-125. Furthermore, it is, as a general matter, incumbent on the proponent of the evidence to establish the foundational elements of an applicable hearsay exception. See, e.g., *Moncrief v City of Detroit*, 398 Mich 181, 189; 247 NW2d 783 (1976).

Police reports, and their contents, may be admissible or "plausibly admissible" depending on the source of the evidence the proponent seeks to admit. See, e.g., *Maiden*, 461 Mich at 124 (holding that the "police report itself is plausibly admissible under the business record exception, MRE 803(6)"); *Latits v Phillips*, 298 Mich App 109, 113-114; 826 NW2d 190 (2012) (explaining that police reports may be plausibly admissible under an applicable hearsay exception but that any witness statements would constitute inadmissible secondary hearsay, absent their own applicable hearsay exception). Both before the trial court and on appeal, defendants have maintained that the report and its pertinent contents were hearsay to which no exception applied. At no point before the trial court, however, did plaintiff respond to defendants' hearsay challenge or argue for the report's admissibility. See *Tolas Oil & Gas Exploration Co v Bach Srvs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (explaining that, under the "raise or waive" rule of appellate review, "[i]f a litigant does not raise an issue in the trial court, this Court has no obligation to consider [it]"). On appeal, plaintiff has acknowledged defendants' position that the report and its pertinent contents are inadmissible but, as below, has made no argument whatsoever regarding admissibility. Failure to brief an issue on appeal constitutes abandonment of the question. See, e.g., *People v Smith*, 336 Mich App 79, 112; 969 NW2d 548 (2021) (hearsay argument deemed abandoned where the defendant offered no hearsay argument with respect to the evidence in his appellate brief); see also *Franks v Franks*, 330 Mich App 69, 109 n 5; 944 NW2d 388 (2019) (holding that appellants abandoned issue that was raised in their statement of questions presented but not addressed in their brief on appeal), citing *Mitcham v Detroit*, 355 Mich 182; 94 NW2d 388 (1959); *In re Contempt of Henry*, 282 Mich App 656, 670; 765 NW2d 44 (2009) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).

---

[2] As noted, plaintiff testified that the ORV was generally going around 25-30 mph during the ride, but he did not purport to offer any opinion about whether that speed was fast or slow. Nor, aside from the notation in the police report discussed above, is there any other information to that effect elsewhere in the record.

Furthermore, as noted, there is nothing in the record that establishes the source or sources of the pertinent information within the police report, which would be necessary to determine its admissibility. "This Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil*, 347 Mich App at 289-290 (cleaned up). Such circumstances are not present in this case, as plaintiff's failure to address defendants' admissibility challenge created a deficiency in the record evidence that prevents this Court from resolving the issue, even if this Court were inclined to reach it.

In sum, plaintiff failed to set forth sufficient evidence to create a genuine issue of material fact as to whether Trevor violated the applicable standard of care in his operation of the ORV, and the record instead demonstrates that defendants are entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary disposition in favor of defendants.

Affirmed.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney