# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC., d/b/a
BRONSON METHODIST HOSPITAL,

      Plaintiff-Appellant,

v

TITAN INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,[1]

      Third-Party Defendant-Appellee.

FOR PUBLICATION
March 15, 2016
9:05 a.m.

No. 324847
Kalamazoo Circuit Court
LC No. 2014-000011-NF

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

MARKEY, J.

In this action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff Bronson Health Care Group, Inc. appeals by right the trial court's order denying its motions for penalty interest from defendant Titan Insurance Company under MCL 500.3142 and for attorney fees and costs from Titan under MCL 600.2591. Because defendant failed to comply with MCL 500.3142, we reverse and remand to the trial court.

On May 9, 2013, Amber French, a passenger in a vehicle driven by John Capp, was involved in an automobile accident. French suffered multiple fractures, respiratory problems, and a dislocated left hip, and Bronson provided French with medical care from May 9, 2013 to May 14, 2013, and on May 16, 2013. Bronson charged $51,596.13 for French's care.

---

[1] Titan Insurance Company filed a third-party complaint against State Farm Mutual Automobile Insurance Company before the trial court. That complaint was dismissed, and no issues regarding that complaint are raised on appeal.

On July 31, 2013, and August 29, 2013, Bronson submitted applications to the Michigan automobile insurance placement facility for bodily injury benefits under the Michigan Assigned Claims Plan (MACP) related to Bronson's treatment of French's injuries. [2] Those applications were denied by the MACP because there was no information in those applications regarding whether the owner of the vehicle (neither French nor Capp owned the vehicle) had automobile insurance for the vehicle.

On September 12, 2013, Bronson submitted a third application for benefits under the MACP that indicated that the owner of the vehicle did not have automobile insurance for the vehicle on the date of the accident and that French and Capp did not have automobile insurance at the time of the accident. On September 24, 2013, the MACP assigned Bronson's claim for benefits regarding its treatment of French to Titan. After the MACP assigned the claim to Titan, Titan received itemized statements regarding Bronson's charges for the medical care it provided to French, a "UB04 form," medical records, and a police report regarding the May 9, 2013 accident. Although Titan received this information on September 24, 2013, it did not issue payment to Bronson within 30 days.

On January 14, 2014, Bronson filed its complaint against Titan, alleging that it was owed (1) payment of no-fault medical benefits from Titan, (2) penalty interest on the unpaid charges until they were paid in full, and (3) attorney fees.

French was deposed on July 10, 2014, and she testified that at the time of the accident; she was not living with relatives; she did not own or use a vehicle, and she was not married. On August 4, 2014, Titan sent a letter to Bronson indicating that it was willing to pay Bronson's charges in the amount of $51,596.13, but refused to pay penalty interest for its delay in paying Bronson's claim. Thus, Titan did not pay the claim until on or after August 4, 2014.

On September 4, 2014, Bronson filed its motion for penalty interest under MCL 500.3142 and for attorney fees and costs under MCL 600.2591. On September 19, 2014, Titan filed its response and argued that at the time it received Bronson's claim from the MACP on September 24, 2013, contradictory information in Bronson's three applications to the MACP created questions related to French's eligibility to obtain personal protection insurance through the MACP. Titan argued that its investigation into French's eligibility concluded when French was deposed, and her testimony provided evidence that she was eligible for insurance benefits through the MACP. Titan concluded that because it paid Bronson's claim within 30 days of its investigation confirming French's eligibility for benefits, it was not liable to pay penalty interest. For the same reason, Titan argued that Bronson was not entitled to attorney fees or costs.

On September 29, 2014, the trial court held a hearing on Bronson's motions for penalty interest under MCL 500.3142 and for attorney fees and costs under MCL 600.2591. It entered an order on October 10, 2014, denying Bronson's motions based on Titan's reasoning.

---

[2] The Michigan automobile insurance placement facility has the responsibility of adopting and maintaining the assigned claims plan. See MCL 500.3171; MCL 500.3301 *et seq.*

On appeal, Bronson argues that the trial court erred in denying it penalty interest pursuant to MCL 500.3142. MCL 500.3142(1) provides that "[p]ersonal protection insurance benefits are payable as loss accrues" and MCL 500.3142(2) provides in relevant part that "[p]ersonal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(3) provides that "[a]n overdue payment bears simple interest at the rate of 12% per annum." The penalty interest provision in MCL 500.3142(2) is "intended to penalize an insurer that is dilatory in paying a claim." *Williams v AAA Michigan*, 250 Mich App 249, 265; 646 NW2d 476 (2002). A trial court's finding regarding "whether a communication qualifies as reasonable proof of the fact or amount of a claim" is reviewed for clear error." *Id*. The proper interpretation of a statute and its application to the facts present questions of law reviewed de novo. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 196; 826 NW2d 197 (2012).

Titan argues that it had no obligation to pay personal protection insurance benefits to or on behalf of French until it was demonstrated that French was eligible to obtain those benefits through the MACP, notwithstanding the fact that the MACP only itself assigns a claim after reviewing a claimant's eligibilty. The trial court, however, agreed with Titan's argument in denying Bronson penalty interest. We disagree with both Titan's and the trial court's analysis. Michigan courts have repeatedly construed MCL 500.3142(2) in accordance with its plain language (requiring "reasonable proof of the fact and of the amount of loss sustained") and have not allowed an assigned insurer additional time beyond the statutory 30 days to conduct its own investigation regarding the eligibility of the claimant to receive benefits.[3] See *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 596; 648 NW2d 591 (2002) (once an insurer receives "reasonable proof of the fact and of the amount of loss sustained," the statute clearly requires the benefits be paid within 30 days, or they are overdue); *Roberts v Farmers Ins Exch*, 275 Mich App 58, 67; 737 NW2d 332 (2007) ("Benefits are overdue if they are not paid within 30 days after the insurer receives reasonable proof of the fact and amount of the loss sustained."); *Regents of Univ of Mich v State Farm Mut Ins Co*, 250 Mich App 719, 735; 650 NW2d 129 (2002) (Under MCL 500.3142, a claimant is not required to prove that the insurer acted arbitrarily or unreasonably delayed in payment of benefits; an insurer is liable for penalty interest if it does not pay the claim within 30 days after receiving reasonable proof of loss). Accordingly, the trial court erred in concluding that Titan's initial position that French *might* be ineligible for assigned-claim benefits justified Titan's failure to comply with MCL 500.3142(2) until it conducted enough discovery to satisfy itself that French was, indeed, eligible for benefits.

In *Williams*, 250 Mich App at 267, this Court held that the plaintiff's letter setting forth the total bill for medical services and accompanied by a statement from the hospital constituted "reasonable proof of the fact and of the amount of loss sustained" as required by

---

[3] MCL 500.3173a(1) requires the "Michigan automobile insurance placement facility [to] make an initial determination of a claimant's eligibility for benefits under the assigned claims plan," and unless the claimant is obviously ineligible, MCL 500.3174 requires it to "promptly assign the claim in accordance with the plan[.]" "An insurer to whom claims have been assigned shall make prompt payment of loss in accordance with this act." MCL 500.3175.

MCL 500.3142(2). In this case, Titan received documents on September 24, 2013 that provided "reasonable proof" that French was in an automobile accident, injured, sustained significant medical bills for her care and treatment, and that neither she, the driver, nor the vehicle owner were covered by insurance. It's undisputed that Titan paid the claim on or after August 4, 2014. A trial court's finding regarding "whether a communication qualifies as reasonable proof of the fact or amount of a claim" is reviewed for clear error, *id.* at 265, but the trial court here made no finding as to whether the information communicated to Titan qualified as reasonable proof of the fact and amount of a claim in accord with MCL 500.3142(2). Instead, the trial court focused on Titan's arguments regarding French's eligibility for benefits. In doing so, the trial court improperly read a requirement into the statute: that penalty interest was not available until more than 30 days after an assigned carrier confirms for itself and on its own timeline a claimant's eligibility for benefits. Courts cannot read a requirement into a statute that the Legislature has "seen fit to omit." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 542; 840 NW2d 743 (2013) (citation omitted). Accordingly, we reverse the trial court's denial of penalty interest under MCL 500.3142(2) and remand for findings regarding when Titan received "reasonable proof of the fact and of the amount of loss sustained" as that phrase is interpreted by case law, and for a calculation of penalty interest.

Bronson also argues that the trial court erred in denying it attorney fees and costs under MCL 600.2591. MCL 600.2591(1) provides that

> if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

A defense is frivolous when "[t]he party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(iii); see *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 35-36; 666 NW2d 310 (2003). A defense is "devoid of arguable legal merit if it is not sufficiently grounded in law or fact such as when it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citation omitted). A trial court's findings regarding whether a claim or defense was frivolous and whether sanctions may be imposed are reviewed for clear error. *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009).

Again, Titan's argument before the trial court was that because it paid Bronson's claim within 30 days of its own investigation confirming French's eligibility for benefits, it was not liable to pay penalty interest under MCL 500.3142. But as discussed above, Titan's argument regarding its liability to pay penalty interest under MCL 500.3142 was devoid of arguable legal merit because it was contrary to "basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co*, 303 Mich App at 369. Accordingly, Titan's defense to penalty interest pursuant to MCL 500.3142 was frivolous under MCL 600.2591, and the trial court clearly erred in denying Bronson attorney fees. *1300 LaFayette East Coop, Inc*, 284 Mich App at 533 (review is for clear error). We reverse the trial court's denial of attorney fees and costs pursuant to MCL 600.2591 and remand to the trial court for a determination of appropriate sanctions.

We reverse and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Peter D. O'Connell
/s/ Christopher M. Murray