# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON METHODIST HOSPITAL,

Plaintiff-Appellant,

v

MICHIGAN ASSIGNED CLAIMS FACILITY,

Defendant-Appellee.

UNPUBLISHED
November 16, 2017

No. 317866
Kalamazoo Circuit Court
LC No. 2012-000600-NF

ON REMAND

Before: BECKERING, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Bronson Methodist Hospital filed suit against the Michigan Assigned Claims Plan (MACP) in an attempt to obtain discovery into whether its patient, Cody Esquivel, was entitled to have his medical claims assigned by the MACP to a no-fault insurer. The circuit court summarily dismissed the action and sanctioned Bronson for filing a frivolous lawsuit, but we vacated those orders. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, unpublished opinion of the Court of Appeals, issued February 19, 2015 (Docket Nos. 317864, 317866) (*Bronson I*). The MACP filed an application for leave to appeal in the Supreme Court. The Supreme Court held the application in abeyance pending its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), and later vacated our opinion and remanded for reconsideration in light of *Covenant*. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 500 Mich 1024 (2017).

Based on *Covenant*'s conclusion that a healthcare provider has no independent cause of action against a no-fault insurer to collect benefits due to a patient, *Covenant*, 500 Mich at 195, and this Court's subsequent determination that *Covenant* applies to a healthcare provider's claims against the MACP, *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich App___; ___ NW2d ___ (Docket No. 333360, issued August 31, 2017), lv pending, slip op at 6, Bronson agreed to withdraw its appeal in Docket No. 317864, challenging the summary dismissal of its assignment claim. The sole issue before this Court in the remaining appeal, Docket No. 317866, is whether the circuit court's sanction order should stand. Given the state of the law and the parties' knowledge of the facts at the time Bronson filed suit, no sanctions should have been imposed. We reverse.

-1-

We review for clear error a trial court's determination whether a claim was frivolous such that sanctions are warranted. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). The circuit court imposed sanctions pursuant to MCR 2.625(A)(2), which provides: "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591, in turn, provides:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> * * *

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> * * *

> (*iii*) The party's legal position was devoid of arguable legal merit. . . .

"[A] claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citation omitted). "The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted." *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003).

It was not clear from "basic, longstanding, and unmistakably evident precedent" at the time Bronson filed suit that it lacked standing. Prior to the Supreme Court's decision in *Covenant*, healthcare providers often directly sought reimbursement from insurance providers. As noted by this Court in *W A Foote Mem Hosp*, slip op at 5:

> MCL 500.3112 states in pertinent part that "[p]ersonal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents." Before our Supreme Court's decision in *Covenant*, this Court had held that this language permitted a healthcare provider who had provided services to an insured to seek recovery of those benefits directly from the insurer. See *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 398, 401; 864 NW2d 598 (2014), overruled by *Covenant*, [500 Mich 191.]

In considering the retroactivity of *Covenant*, this Court noted, "On close inspection, it is less than clear that the state of the law that was overturned by *Covenant* was so 'clear and uncontradicted' as to predominate in favor of only prospective application." *Id.*, slip op at 18. Stated differently, it was not crystal clear that healthcare providers could directly pursue claim assignment from the

MACP, but neither was it clear that they could not. Accordingly, Bronson did not frivolously claim to have standing when it filed suit.

Bronson's suit also was not substantively frivolous. In *Bronson I*, slip op at 7-8, we vacated the circuit court's summary disposition judgment because questions of material fact supporting a potentially viable claim remained:

> Ultimately, nothing in the record establishes that Esquivel was actually uninsured. And no applicable insurance has been identified, despite Bronson's efforts. Thus, at this juncture, Bronson's claims fall squarely within that portion of MCL 500.3172(1) addressing claims for which "no personal protection insurance applicable to the injury can be identified." The existence of a central material fact question—whether or not Esquivel had insurance at the time of the accident—precluded summary disposition, and the circuit court erred in granting the MACP's motion and request for sanctions. [*Id.*, slip op at 8.]

This remains true. Had Bronson's suit not failed for lack of standing, "a central material fact question" would have existed, precluding summary disposition and affirmatively establishing that Bronson's suit was not frivolous when filed. Sanctions were not warranted.

We reverse.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

-3-