*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYRONE MULLINS,

      Plaintiff-Appellee,

and

GEORGIA MULLINS,

      Plaintiff,

and

RENALI TRANSPORT LC,

      Intervening Plaintiff,

v

MICHIGAN ASSIGNED CLAIMS PLAN,

      Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No.   340737
Macomb Circuit Court
LC No.   2017-000209-NF

Before:  TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

      In this action for no-fault personal protection insurance (PIP) benefits, defendant, the Michigan Assigned Claims Plan (MACP), appeals by leave granted.[1]  Defendant's sole claim of error is that plaintiff's claim for PIP benefits through the MACP is precluded because he failed to timely notify the Michigan automobile insurance placement facility (MAIPF) of his claim for benefits within one year of the motor vehicle accident that caused his injuries, as required under

---

[1] Hereafter, the singular designation "plaintiff" refers only to Tyrone Mullins.

MCL 500.3174. Because we conclude that this Court lacks jurisdiction to hear defendant's appeal, we dismiss.

This case arose from plaintiff's involvement in a motor-vehicle accident that occurred on January 29, 2016. At the time of the accident, plaintiff was a passenger in the vehicle driven and owned by his mother, Georgia Mullins. They both suffered injuries and initially sought payment of no-fault PIP benefits through Georgia's no-fault insurance policy. Georgia's policy was subsequently rescinded because of material misrepresentations she made in the application for insurance. On January 20, 2017, plaintiff and Georgia filed the instant complaint against defendant asserting their claim for PIP benefits through the assigned claims plan.[2] On February 3, 2017, defendant was served with the summons and complaint. This was the first notice defendant received of plaintiff's and Georgia's claims for PIP benefits.

Thereafter, defendant filed a motion for summary disposition under MCR 2.116(C)(10), seeking dismissal of the complaint filed by plaintiff and Georgia. Defendant argued that plaintiff's claims for PIP benefits were precluded because, as a matter of law, plaintiffs had failed to provide timely notice of their claims to the MAIPF within one year of the accident, as required under MCL 500.3174, in that the lawsuit was filed within the one-year period but not served until after the one-year period had expired. Plaintiffs opposed the motion, asserting that their complaint was timely filed. After hearing the parties' arguments, the circuit court agreed with plaintiffs and entered an order denying defendant's motion for summary disposition for the reasons stated on the record.[3] Notably, defendant did not seek leave to appeal from the circuit court's April 3, 2017 order.

Several months later, defendant filed another motion for summary disposition, seeking dismissal of Georgia's claim for PIP benefits. Defendant argued that, due to the rescission of her insurance policy, Georgia was not eligible to recover PIP benefits because she was the owner of an uninsured vehicle involved in the accident.[4] Defendant's motion did not seek summary

---

[2] Claims under the assigned claims plan are filed through the Michigan automobile insurance placement facility (MAIPF). MCL 500.3171. "The Michigan automobile insurance placement facility has the responsibility of adopting and maintaining the assigned claims plan." *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 580 n 2; 887 NW2d 205 (2016).

[3] At the conclusion of the hearing, the circuit court stated:

All right. I'll be honest, in the interest of justice, it was filed within the one year. There does appear to be, in [MCL 500.3174], a 30-day time frame there. The lawsuit was filed before the one year. I don't think there is actual prejudice. I'm going to adopt plaintiff's argument and deny summary disposition.

[4] See MCL 500.3113(b) ("A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.").

dismissal of plaintiff's claim but instead requested the court to determine whether plaintiff's claim should be assigned to a servicing insurer under the no-fault act, again asserting that plaintiff failed to timely notify the MAIPF/MACP of his claim for PIP benefits under MCL 500.3174. Georgia did not contest defendant's motion regarding the dismissal of her claim, and plaintiff asserted that the circuit court previously decided the notice issue in his favor. On October 2, 2017, after conducting a hearing on the motion, the circuit court entered an order summarily dismissing Georgia's claim, with prejudice, and requiring defendant to assign plaintiff's claim for PIP benefits to a servicing insurer under the no-fault act.[5] On October 23, 2017, defendant filed a timely application for leave to appeal the October 2, 2017 order, which this Court granted. *Mullins v Mich Assigned Claims Plan*, unpublished order of the Court of Appeals, entered March 28, 2018 (Docket No. 340737). The order provided, pursuant to MCR 7.204(E)(4), that "[t]his appeal is limited to the issues raised in the application and supporting brief."

Defendant's sole claim of error on appeal is that plaintiff's claim for PIP benefits through the MACP is precluded because he failed to timely notify the MAIPF of his claim for benefits, within one year of the motor vehicle accident causing his injuries, as required under MCL 500.3174. Defendant requests that we vacate the order requiring the MACP to assign plaintiff's claim for PIP benefits to a servicing insurer and to remand for entry of an order granting summary disposition in favor of defendant and dismissing plaintiff's claims.

On appeal, plaintiff asserts that this Court lacks jurisdiction to decide defendant's appeal. He argues that while defendant timely filed its application for leave to appeal the circuit court's October 2, 2017 order, within the requisite 21 days as required by MCR 7.205(A)(1), defendant effectively is appealing the court's April 3, 2017 order denying defendant's motion for summary disposition, which actually decided the notice issue defendant now claims is erroneous, a ruling which was unaffected by the court's October 2, 2017 order. Thus, according to plaintiff, because defendant's appeal challenges the court's April 3, 2017 decision and order, defendant was required to appeal from that order, and, because the April 3, 2017 order was entered over six months before defendant filed its application for leave to appeal, the application was not timely, MCR 7.205(G)(3), and this Court lacks jurisdiction to decide defendant's appeal. Plaintiff asserts that, by claiming error from the October 2, 2017 order, defendant is attempting to "bootstrap" an appeal of the April 3, 2017 order, which actually decided the notice issue defendant now claims is erroneous.

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). "Therefore, even if this Court has already granted leave to appeal, we must nevertheless review

---

[5] MCL 500.3173a(1) requires the "Michigan automobile insurance placement facility [to] make an initial determination of a claimant's eligibility for benefits under the assigned claims plan" and to deny an "obviously ineligible claim." MCL 500.3174 requires the MAIPF to "promptly assign" a claim for PIP benefits through the MACP that is not obviously ineligible. *Bronson Health Care*, 314 Mich App at 582-583 n 3.

our jurisdiction before proceeding to the issues raised[.]" *Id.* "[W]hether this Court has jurisdiction is a question of law that this Court reviews de novo." *Id.*

"The jurisdiction of the Court of Appeals is governed by statute and court rule." *Id.* This Court has jurisdiction over appeals as of right and appeals by leave granted. *Id.* at 192-193; see also MCR 7.203(A) and (B). This case involves only an appeal by leave. MCR 7.203(B) governs appeals by leave and provides that this Court may grant leave to appeal from an order or judgment that is not a final judgment appealable as of right. MCR 7.203(B)(1). MCR 7.205(A) governs the time requirements for filing an application for leave to appeal. Generally, an application for leave to appeal must be filed within 21 days after entry of the judgment or order appealed from, but "the court rules specifically grant this Court discretion to grant leave with regard to untimely appeals." *Chen*, 284 Mich App at 192-193; MCR 7.205(A)(1); MCR 7.205(G)(3)(b). However, that discretion is limited because our court rules provide that this Court may not grant leave to appeal if an application is filed more than six months after entry of the order or judgment appealed from. MCR 7.205(G)(3)(b). "The establishment of a firm deadline prevents stale applications for leave to appeal; it forces the parties to raise claims of error while the participants still have a sound grasp of the facts and events surrounding the litigation." *Chen*, 284 Mich App at 193.

Defendant sought leave to appeal the circuit court's October 2, 2017 order. There is no dispute that this order was not a final order appealable as of right. Therefore, appeal of the order could only be by application for leave granted. See MCR 7.203(B). Defendant filed its application for leave on October 23, 2017, within 21 days of the entry of the October 2, 2017 order it sought to appeal. Thus, the application for leave to appeal the October 2, 2017 order was timely under MCR 7.205(A)(1).

However, we agree with plaintiff that the claim of error defendant raises on appeal actually pertains to the circuit court's April 3, 2017 decision and order denying defendant's motion for summary disposition. Defendant claims on appeal that the circuit court erred in determining that plaintiff's untimely notice to the MACP of his claim for PIP benefits was sufficient under MCL 500.3174 to pursue recovery of benefits through the MACP. This claim of error clearly pertains to the circuit court's April 3, 2017 order denying defendant's motion for summary disposition, which squarely resolved the notice issue; it is apparent from our review of the record that the circuit court did not revisit, address, or decide the notice issue defendant now claims is erroneous in its October 2, 2017 order. But, as already noted, defendant did not apply for leave to appeal the April 3, 2017 order, nor could he, as more than six months had passed. See MCR 7.205(G)(3)(b). Instead, the only issue which was decided in the circuit court's October 2, 2017 order was its directive that the MACP assign plaintiff's claim for PIP benefits to a servicing insurer.[6] Thus, because defendant's claim of error actually is from the April 3, 2017

---

[6] Defendant's second motion for summary disposition sought dismissal of Georgia's claim for PIP benefits due to the rescission of her insurance policy, *not* the dismissal of plaintiff's claim. Although the motion also requested a determination regarding whether plaintiff's claims should be assigned to a servicing insurer, and defendant maintained its position that plaintiff was not eligible for PIP benefits through the MACP because he failed to provide the requisite notice of

-4-

decision and order, not the October 2, 2017 order, we agree that defendant should have sought leave to appeal from the earlier order. Moreover, this Court's order granting the application for leave to appeal was directed to the substance of the April 3 ruling, not the October 2 ruling, and thus was improvidently granted.

Under MCR 7.205(A)(1), defendant had 21 days to file an application for leave to appeal the April 3, 2017 order. Defendant filed its application for leave to appeal on October 23, 2017, which clearly fell outside this 21-day window. While our court rules give this Court discretion to grant a delayed application for leave to appeal, that discretion is limited to appeals filed within six months of the entry of the order appealed from. See MCR 7.205(G)(3)(b). Defendant's application also fell outside of this six-month deadline. Accordingly, because the application was filed more than six months after the order appealed, this Court is without discretion to permit a late appeal. Accordingly, we must dismiss, as untimely, defendant's appeal, which clearly pertains to the circuit court's ruling and order entered on April 3, 2017, for lack of jurisdiction to decide this appeal.[7]

Dismissed for lack of jurisdiction.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

his claim under MCL 500.3174, neither the circuit court nor the parties addressed the substantive merits of the notice issue, which already had been decided by the court in the April 3, 2017 order denying defendant's motion for summary disposition. In fact, at the October 2, 2017 hearing, defense counsel acknowledged that the court previously ruled on the matter and stated he would stipulate, for the purposes of the motion, that plaintiff "would otherwise qualify for benefits under the one-year notice provision" or that "he's not obviously ineligible for benefits." The circuit court's October 2, 2017 order did not address its prior determination regarding the notice issue but ordered defendant to assign plaintiff's claim, consistent with its prior determination, so that damages could be determined under the no-fault act. Notably, on appeal, defendant raises the same argument regarding the notice issue that it previously raised before the circuit court in its first motion for summary disposition, which the court rejected in its ruling and order denying that motion entered on April 3, 2017.

[7] We note that, if defendant chooses to appeal the final order once it is entered, it would be free to challenge any previously entered orders of the circuit court. See *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992) ("Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case.").