*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KOUSAY ELIAS,

              Plaintiff-Appellant/Cross-Appellee,

v

GREAT AMERICAN ASSURANCE COMPANY
and TRISURA SPECIALTY INSURANCE
COMPANY,

              Defendants,

and

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

              Defendant/Third-Party Plaintiff-
              Appellee/Cross-Appellee,

and

KNIGHT SPECIALTY INSURANCE COMPANY,

              Defendant/Third-Party Defendant-
              Appellee/Cross-Appellant,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

              Defendant/Third-Party
              Defendant/Third-Party Plaintiff-
              Appellee/Cross-Appellee,

and

HUNTER EXPRESS US, INC., and LI TRUCKING,

UNPUBLISHED
September 17, 2025
1:24 PM

No. 370595
Oakland Circuit Court
LC No. 2021-185846-NF

Third-Party Defendants-
Appellees/Cross-Appellees.

_____

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In this action seeking personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Kousay Elias, appeals by right the trial court's entry of summary disposition in favor of defendants, Citizens Insurance Company of the Midwest (Citizens), Knight Specialty Insurance Company (Knight), and Progressive Marathon Insurance Company (Progressive).[1] Knight cross-appeals the trial court's order designating Knight as a higher-priority insurer over Progressive. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND AND FACTS

At the time of the accident that gave rise to this case, plaintiff was driving a semi-truck owned by LI Trucking and leased to Hunter Express US, Inc. (Hunter Express). Plaintiff drove from Warren, Michigan, to Toledo, Ohio, picked up a trailer containing freight, and delivered the freight to Laredo, Texas. In Laredo, plaintiff picked up more freight to deliver in Toledo. On January 18, 2020, after dropping off the trailer and freight in Toledo, plaintiff was driving the truck's tractor on I-75 through Monroe County on his way to LI Trucking's parking lot when he slid off the icy, snow-covered road. Plaintiff alleges that he sustained serious injuries.

Initially, plaintiff collected non-PIP benefits through a disability insurance policy that is not at issue here. Nearly a year later, on January 16, 2021, plaintiff filed a claim for PIP benefits with Great American Insurance Company (Great American). On January 18, 2021, exactly one year after the accident, plaintiff sent a letter to Hunter Express requesting information regarding any insurance policy that would provide coverage for injuries sustained by plaintiff in the accident. That same day, plaintiff filed claims with Trisura Specialty Insurance Company (Trisura), as well as the Michigan Automobile Insurance Placement Facility (MAIPF), the agency responsible for administering and assigning claims under the Michigan Assigned Claims Plan (MACP) when benefits are otherwise unavailable. On January 19, 2021, plaintiff filed this action, naming Great American, Trisura, and the MAIPF as defendants.

The MAIPF subsequently identified two other insurers, Knight and Progressive, with policies that potentially covered plaintiff's alleged injuries. Knight had issued a policy to LI Trucking and/or Hunter Express to cover the truck plaintiff was driving, and Progressive provided no-fault insurance coverage for plaintiff's sister, with whom plaintiff lived. The MAIPF filed a

_____

[1] As the caption indicates, Citizens and Progressive are also third-party plaintiffs, and Knight and Progressive are also third-party defendants. The roles of all parties to the appeal, and nonparties to the appeal that were parties in the proceedings below, will be further explained in this opinion.

third-party complaint against both Knight and Progressive, and plaintiff amended his complaint to assert claims against them directly. The MAIPF assigned its claims and defenses to Citizens, which was eventually substituted in as defendant/third-party plaintiff by stipulated order. Progressive also filed a third-party complaint against LI Trucking and Hunter Express, seeking reimbursement should it be found liable.

Meanwhile, it was discovered that the policies of the non-MAIPF insurers that plaintiff named as defendants in his original complaint did not provide coverage. Although on the day of the accident plaintiff had found proof of insurance by Great American in the truck's glove compartment, the policy excluded coverage when the truck was "being used in the business of any lessee," which was the case here. And Trisura's policy was not effective until after the accident. Great American and Trisura were both dismissed with prejudice.

A series of summary disposition motions and orders followed. As pertinent here, the trial court granted summary disposition to Knight as to plaintiff's direct claim against it on statute of limitations grounds because Knight did not have notice of plaintiff's claim within one year of the accident. The trial court also ruled that plaintiff was an employee of LI Trucking and/or Hunter Express, not an independent contractor, placing Knight higher in priority than Progressive under the no-fault act, and on that basis granted summary disposition to Progressive. Finally, the trial court granted summary disposition to Citizens because Knight was a higher-priority insurer. The remaining third-party claims were dismissed without prejudice by stipulation. This appeal, and Knight's cross-appeal, followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Estate of Voutsaras v Bender*, 326 Mich App 667, 671; 929 NW2d 809 (2019). Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), citing MCR 2.116(G)(4). A court reviewing a motion under MCR 2.116(C)(10) must consider the substantively admissible evidence offered in opposition to the motion. *Maiden*, 461 Mich at 121. To survive summary disposition, the opposing party must set forth specific facts establishing a genuine issue of material fact for trial. *Id*. at 120. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted).

This Court also reviews questions of statutory interpretation de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009). As explained in *PNC Nat'l Bank*:

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its

plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*Id*. at 506 (citation omitted).]

## III. ANALYSIS

## A. DUE DILIGENCE TO IDENTIFY INSURERS

Plaintiff argues that the trial court erred in granting summary disposition to defendants because despite his due diligence it was impossible for him to discover Knight's insurance coverage. We disagree.

This case involves the interplay between several provisions of the no-fault act—namely, the limitations period for claims against insurers, MCL 500.3145(1); the conditions under which a person may seek benefits through the MACP, MCL 500.3172(1); and the order of priority in which one must pursue a claim, MCL 500.3114. With regard to the statute of limitations, MCL 500.3145(1) provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury . . . has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

As for MACP claims, MCL 500.3172(1) provides:

> (1) A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:
>
> (a) No personal protection insurance is applicable to the injury.
>
> (b) No personal protection insurance applicable to the injury can be identified.
>
> (c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.
>
> (d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

Finally, "MCL 500.3114 puts the onus on a claimant to 'claim' PIP benefits from a specified list of potential insurers based on the statutory priority scheme." *Griffin v Trumbull Ins Co*, 509 Mich 484, 500; 983 NW2d 760 (2022). The general rule is that a person accidentally injured in a motor vehicle accident will receive PIP benefits under a no-fault policy if the person is named in the policy or resides with a relative named in a policy. MCL 500.3114(1). But an exception to that rule applies for "an employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer," in which case the employee "shall receive [PIP] benefits . . . from the insurer of the employer's vehicle." MCL 500.3114(3).

In *Griffin*, our Supreme Court explained that a claimant must be "diligent" in identifying and pursuing their claim for PIP benefits from the highest-priority insurer:

> Due diligence requires a good-faith effort to fulfill a legal obligation or requirement that could ordinarily be expected of a person under the factual circumstances. While due diligence must be more than a mere gesture, it does not mean that one must exhaust everything that is theoretically or abstractly possible. Due diligence does not require an individual to do the impossible, nor does it require one to commit illegal, unethical, or otherwise impermissible acts. Requiring a claimant to identify potential insurers and pursue a PIP benefits claim with due diligence is consistent with the purpose of the no-fault act and its limitations period. [*Griffin*, 509 Mich at 500-501 (citations omitted).]

"[W]hen it would be practically impossible for a party to learn the identity of the presumed highest-priority insurer, then an injured party should be able to look to another insurer in the order of priority, such as their default PIP insurer or, if that is not an option, the MACP." *Id*. at 506. Whether a plaintiff has exercised due diligence "is a fact-specific determination that must be made on a case-by-case basis." *Id*. at 501.

The plaintiff in *Griffin* was found to have been diligent under the circumstances where, in the weeks and months following the accident, he made multiple attempts to contact the driver of the other vehicle involved in an effort to determine who his insurance carrier was, and filed claims with lower-priority insurers and the MACP who had an incentive to try to identify the higher-priority insurer. *Id.* at 491-493, 510. By contrast, in *Stanley v Detroit*, 347 Mich App 117, 130, 137-138; 14 NW3d 197 (2023), this Court applied *Griffin* and concluded that the plaintiff was not diligent where he waited more than six months after the accident to contact the car rental company whose vehicle was involved to attempt to file a claim, and did not otherwise take action before the one-year limitations period expired to seek information from the company about potential insurers.

Turning to this case, we begin by noting that plaintiff's direct claims against Knight and Progressive are barred by the statute of limitations because they did not have notice of his injuries or claims within one year after the accident as required by MCL 500.3145(1). Accordingly, the trial court correctly granted summary disposition as to the claims plaintiff asserted directly against them in his amended complaint.

That leaves plaintiff's claims under the MACP, asserted against the MAIPF and then assigned to Citizens. As stated above, plaintiff can proceed against Citizens only if one of the following subsections of MCL 500.3172(1) applies:

-5-

(a) No personal protection insurance is applicable to the injury.

(b) No personal protection insurance applicable to the injury can be identified.

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

(d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

Plaintiff does not argue that subsection (a) or (d) applies, but does argue that subsections (b) and (c) support his claims.

Beginning with subsection (b), we disagree with plaintiff that no PIP coverage applicable to the injury could be identified. Although plaintiff did not actually identify Knight or Progressive before the statute of limitations expired, they were identifiable. Applying *Griffin* and *Stanley* here, we conclude that plaintiff did not exercise due diligence in attempting to identify them and notify them of his claims. Specifically, plaintiff waited until January 16, 2021, two days before the statute of limitations expired, to file a claim with Great American, which turned out not to provide coverage. And plaintiff waited until January 18, 2021, the last day of the limitations period, to contact Hunter Express to request information regarding any insurance policy that would provide coverage, and to file claims with Trisura (which also did not provide coverage) and the MAIPF. Had plaintiff not waited until nearly a year after the accident to make these claims and inquiries, he could have—and it is far more likely he would have—discovered that Knight was potentially a higher-priority insurer.

Plaintiff argues that he was misled into thinking that Great American provided coverage because proof of insurance from Great American was in the truck's glove compartment at the time of the accident. However, the "onus" is on the claimant to exercise due diligence in identifying the highest-priority insurer, *Griffin*, 509 Mich at 500, and there is no evidence that plaintiff made any inquiries until January 16, 2021, to verify whether Great American provided coverage. Indeed, Great American did provide coverage for the truck, but its policy excluded coverage when the truck was being used for a lessee's business, as it was here. There is no evidence that plaintiff asked LI Trucking or Hunter Express for information about potential coverage prior to his letter to Hunter Express on January 18, 2021.

Plaintiff also contends that it would have been impossible for him to learn about Knight's coverage. But in Trisura's motion for summary disposition in the trial court, and in Progressive's brief on appeal, both defendants explained that anyone could have identified Knight as providing coverage during the relevant time period by typing "Hunter Express" or its DOT number into a publicly accessible government database that provides licensing and insurance information for carriers throughout the country. (Plaintiff evidently had the DOT number because it was printed on the police report that plaintiff referred to by number when he filed his claim with the MAIPF

on January 18, 2021.) Plaintiff has not contested that representation in the trial court or on appeal. For all these reasons, plaintiff cannot proceed against Citizens under MCL 500.3172(1)(b).

We also consider whether plaintiff exercised due diligence in identifying and pursuing a claim with Progressive. Although the trial court ruled that Knight was the higher-priority insurer, Knight argues on cross-appeal that Progressive is higher in priority because plaintiff was not an employee of LI Trucking or Hunter Express. See MCL 500.3114(1), (3); *Adanalic v Harco Nat'l Ins Co*, 309 Mich App 173, 190-194; 870 NW2d 731 (2015) (holding that trucker could not obtain no-fault benefits as an "employee" because under the economic reality test he was an independent contractor). If Knight is correct, then plaintiff's diligence in identifying and pursuing a claim with Progressive would be material. As with Knight, the record contains no evidence that plaintiff was diligent with regard to his potential claim with Progressive. Plaintiff's potential coverage through Progressive arises from the fact that he lives with his sister and Progressive provides no-fault coverage for her vehicle. MCL 500.3114(1). The record reflects that plaintiff knew his sister drove a car and had car insurance, but there is no evidence that he asked her who provides her coverage or took any other action to attempt to put Progressive on notice of his potential claim before the expiration of the limitations period. Therefore, even if Progressive is the higher-priority insurer, plaintiff's lack of due diligence to identify and file a claim with Progressive dooms his claim against Citizens.

Having determined that plaintiff cannot proceed against Citizens under MCL 500.3172(1)(b), we turn to subsection (c), which allows a claimant to seek benefits under the MACP if "[n]o personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss." MCL 500.3172(1)(c). Plaintiff contends that the dispute between Knight and Progressive supports his claim against Citizens under this provision. We do not agree that a claim can be sustained under MCL 500.3172(1)(c) by what is essentially a contingent priority dispute between two potential insurers when the claimant did not exercise due diligence in the first place to timely notify either one. Indeed, in *Stanley*, this Court held that the assigned insurer was not responsible for paying the plaintiff PIP benefits due to a priority dispute between other potential insurers where, "because of [the] plaintiff's lack of due diligence, she [was] not entitled to recover any benefits . . . ." *Stanley*, 347 Mich App at 139. Plaintiff's claim against Citizens fails for the same reasons here.

Plaintiff also argues that MCL 500.3172(1)(c) applies because Great American and Trisura are "2 or more automobile insurers" and they "disputed coverage" at the time plaintiff filed his lawsuit. However, there was no dispute *between* Great American and Trisura, as required under MCL 500.3172(1)(c). Additionally, neither insurer's policy applied to plaintiff's accident regardless of priority, plaintiff's claims against them were dismissed with prejudice, and plaintiff does not challenge their dismissal on appeal. Again, because a higher-priority insurer was identifiable through due diligence but not timely notified, plaintiff cannot maintain a claim against Citizens as the assigned insurer under the MACP. See *Stanley*, 347 Mich App at 139.

## B. CITIZENS' DUTY TO PAY NO-FAULT BENEFITS

Separately, plaintiff argues that Citizens was liable to plaintiff because it failed to pay plaintiff's benefits within 30 days of presentment as required by MCL 500.3142(2). We disagree.

MCL 500.3142(2) provides that PIP benefits "are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained," MCL 500.3142(4) states that overdue payments bear interest at the rate of 12% per year, and MCL 500.3148(1) provides for attorney fees in an action for PIP benefits that are overdue. Plaintiff notes that the statute is designed to incentivize insurers to pay first and seek reimbursement later, and to penalize insurers who are dilatory in paying claims. See *Griffin*, 509 Mich at 502-503.

If plaintiff were eligible for MACP benefits under MCL 500.3172, we might agree with plaintiff that Citizens was required to pay within 30 days of being presented with plaintiffs' proofs. See *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 582 & n 3; 887 NW2d 205 (2016) (holding that once the MAIPF makes an initial eligibility determination and assigns a claim, an assigned insurer is not allowed "additional time beyond the statutory 30 days to conduct its own investigation regarding the eligibility of the claimant to receive benefits"). But this is not a situation where an assigned insurer failed to pay benefits for which the claimant was eligible and now seeks to avoid a penalty on grounds that it was investigating eligibility. To the contrary, plaintiff was not eligible for benefits because of his lack of due diligence in identifying the highest-priority insurer within one year of the accident. See *Stanley*, 347 Mich App at 139. As this Court held in *Stanley*, where a plaintiff "fail[s] to exercise due diligence in identifying the highest-priority insurer, and therefore, . . . is not entitled to PIP benefits," "the MAIPF had no duty to assign [the] plaintiff's claim under MCL 500.3172" and the assigned insurer therefore is not liable. *Id*. at 130. *Stanley*'s holding likewise resolves plaintiff's claim against Citizens.

## C. CROSS-APPEAL

On cross-appeal, Knight argues that the trial court erred in determining that plaintiff was an employee of LI Trucking and/or Hunter Express and not an independent contractor, thereby erroneously placing Knight higher in priority than Progressive under the no-fault act. See MCL 500.3114(3); *Adanalic*, 309 Mich App at 190-194. Because plaintiff was an independent contractor, Knight argues, Progressive was higher in priority since plaintiff lived with his sister who had no-fault coverage from Progressive. See MCL 500.3114(1).

Knight also acknowledges that this issue is moot if the trial court's grant of summary disposition is otherwise affirmed such that plaintiff is not eligible for benefits from any defendant or third-party defendant. Our analysis above does just that. Accordingly, we decline to decide the issue raised by Knight in its cross-appeal.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin