*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

   Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

   Defendant-Appellee.

UNPUBLISHED
March 10, 2026
11:20 AM

No. 372607
Wayne Circuit Court
LC No. 23-006728-NF

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

In this action by a medical services provider against an insurer to recover payment for services rendered, plaintiff, VHS of Michigan, Inc. (VHS), appeals as of right the trial court's order denying its motion for interest and attorney fees. For the reasons stated in this opinion, we vacate and remand for further proceedings.

## I. BASIC FACTS

On January 11, 2023, CAA, a fourteen-month-old child, was catastrophically injured after the vehicle in which he was riding was struck in a head-on collision by a vehicle making a left-hand turn. The day following the crash, CAA's mother completed an application for no-fault benefits with the Michigan Assigned Claims Plan. She represented in the application that her auto insurance policy with Progressive Insurance had lapsed and that there was no other insurance in CAA's household. See MCL 500.3114(4) (stating in relevant party that "a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan . . . ."). CAA's claim was assigned to defendant, Allstate Insurance Company. Thereafter, VHS, which had provided medical services to CAA following the crash, sought payment from Allstate for services rendered from January 11, 2023 to March 7, 2023. The total claim was for $247,504.25.

On May 25, 2023, VHS filed suit against Allstate, seeking payment of CAA's medical bills. Approximately one month later, CAA's mother, acting on behalf of CAA, also filed suit against Allstate, seeking payment for CAA's expenses arising from the motor-vehicle crash. On April 17, 2024, almost one year after VHS filed its claim, Allstate moved for declaratory relief and disbursement under MCL 500.3112. Allstate argued that the claims in the two cases filed against it exceeded the $250,000 statutory limit on the payment of personal protection insurance (PIP) benefits. The trial court granted the motion and ordered Allstate to pay VHS $238,387.87.

Subsequently, VHS filed a motion seeking penalty interest under MCL 500.3142 and attorney fees under MCL 500.3148. VHS contended that its claims against Allstate were "overdue." Allstate responded that the claims were reasonably in dispute because it had a duty to determine whether CAA's claims were subject to the statutory limit. Following a hearing on the motion, the trial court denied VHS's motion, reasoning that Allstate had made payment to VHS "in accordance with this Court's May 23, 2024 order regarding distribution pursuant to the MCL 500.3112 motion, and under those circumstances the payments were not delayed." The trial court reasoned that "the delay in payment can't be deemed overdue or unreasonable, as [Allstate] in the case was doing its due diligence as to the bill." This appeal follows.

## II. MOTION FOR INTEREST AND ATTORNEY FEES

### A. STATUTE OF LIMITATIONS

VHS argues that the trial court erred by denying its request for interest and attorney fees. We review for clear error the trial court's factual findings related to whether an insurer was provided with "reasonable proof of the fact and loss sustained" under MCL 500.3142(1). *Williams v AAA Mich*, 250 Mich App 249, 265; 646 NW2d 476 (2002). The interpretation of MCL 500.3142 and its application to the facts of a case, however, is reviewed de novo. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 582; 887 NW2d 205 (2016). "Whether an insurer acted reasonably when it delayed paying a claim presents a mixed question of law and fact." *Beaumont Health v Mich Auto Ins Placement Facility*, 347 Mich App 393, 402; 15 NW3d 293 (2023). Likewise, a court's decision on a motion for attorney fees under MCL 500.3148(1) also involves a mixed question of law and fact. *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). Specifically, "[w]hat constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012) (quotation marks and citation omitted).

### B. ANALYSIS

#### 1. PENALTY INTEREST

The penalty-interest provision of the no-fault act "is intended to penalize an insurer that is dilatory in paying a claim." *Williams*, 250 Mich App at 265. "Penalty interest must be assessed against a no-fault insurer if the insurer refused to pay benefits and is later determined to be liable, irrespective of the insurer's good faith in not promptly paying the benefits." *Id*. "An overdue

payment bears simple interest at the rate of 12% per annum." MCL 500.3142(4). PIP "benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). "[I]f reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer." *Id*. However, for PIP benefits under MCL 500.3107(1)(a), "if a bill for the product, service, accommodations, or training is not provided to the insurer within 90 days after the product, service, accommodations, or training is provided, the insurer has 60 days in addition to 30 days provided under subsection (2) to pay before the benefits are overdue." MCL 500.3142(3). "[A] claimant is not required to prove that the insurer acted arbitrarily or unreasonably delayed in payment of benefits; an insurer is liable for penalty interest if it does not pay the claim within 30 days after receiving reasonable proof of loss." *Bronson Health Care Group, Inc*, 314 Mich App at 583.

VHS argues that it is entitled to penalty interest under MCL 500.3142 because the payments were due 30 days after it sent its bills to Allstate. The record reflects that VHS provided billing statements to Allstate on March 1, 2023, March 23, 2023, April 24, 2023, May 5, 2023, and February 27, 2024. The trial court, however, failed to make findings as to whether those billing statements constituted reasonable proof of the fact and the amount of a claim in accordance with MCL 3142(2). If, for example, the court had found that each statement provided constituted reasonable proof of the fact and amount of the loss sustained, then the 30-day deadline for paying each bill would have been triggered. Under that factual scenario, the bills would be considered overdue on March 31, 2023, April 22, 2023, May 24, 2023, and June 4, 2023, respectively. Further, if the court found that reasonable proof of the fact and the amount of loss sustained was provided by the February 27, 2024 billing statement, then Allstate had 90 days to pay the claim under MCL 500.3142(3). This deadline would have expired on May 27, 2024. Payment was not issued until June 17, 2024. As such, if the court found the above billing statements to constitute reasonable proof of the fact and of the amount of loss sustained, then the payments were overdue. Under that factual scenario, VHS is entitled to penalty interest under MCL 500.3142.

Allstate, however, maintains that it did not receive reasonable proof for all of VHS's claims until it received an April 1, 2024 e-mail from VHS's lawyer. If this e-mail constituted reasonable proof of the claim, then the 90-day deadline under MCL 500.3142(3) would have expired on June 30, 2024. Under this factual scenario, because payment would be within 90 days of the receipt of reasonable proof of the fact and of the amount of loss, then the payment would not have been overdue and VHS would not be entitled to penalty interest.

Rather than resolving this factual dispute, the trial court erroneously focused on whether Allstate had acted diligently in investigating VHS's claim. The trial court reasoned that "the delay in payment can't be deemed overdue or unreasonable" because Allstate "was doing its due diligence as to the bill." Stated differently, the trial court concluded that the payment was not overdue because Allstate's actions were "reasonable." Yet, under MCL 500.3142(2), insurers are not relieved from their obligation to pay penalty interest by acting reasonably in investigating a claim. Instead, a claim is overdue if it is "not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). By considering whether Allstate's actions were reasonable, the trial court improperly read a requirement into the statute that VHS needed to demonstrate that there was an unreasonable delay in payment of benefits. Such a requirement impermissibly contravenes the language in the statute,

which does not include a reasonableness requirement. See *Bronson Health Care Group, Inc*, 314 Mich App at 584 ("Courts cannot read a requirement into a statute that the Legislature has seen fit to omit."). Further, it is contrary to our caselaw, which provides that, when establishing that it is entitled to penalty interest, a "claimant is not required to prove that the insurer acted arbitrarily or unreasonably delayed in payment of benefits." *Id*. at 583.

Accordingly, we vacate the trial court's denial of interest under MCL 500.3142(2) and remand for findings regarding when Allstate received "reasonable proof of the fact and of the amount of loss sustained," and, if appropriate, for a calculation of penalty interest.

## 2. ATTORNEY FEES

Under MCL 500.3148(1):

> [A]n attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The purpose of the attorney-fee provision of the no-fault act is to

> ensure prompt payment to the insured. Accordingly, an insurer's refusal or delay places a burden on the insurer to justify its refusal or delay. The insurer can meet this burden by showing that the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty. [*Ross*, 481 Mich at 11.]

"Therefore, whether a claimant's benefits qualify as overdue and whether an insurer unreasonably refused to pay or unreasonably delayed in making payment determine if a claimant's attorney may receive attorney fees." *Moore v Secura Ins*, 482 Mich 507, 511; 759 NW2d 833 (2008).

Under MCL 500.3148(1), the two prerequisites for the award of attorney fees are that (1) "the benefits must be overdue," and (2) "the trial court must find that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." *Id*. at 517 (quotation marks omitted). "If a claimant establishes the first prerequisite, a rebuttable presumption arises regarding the second." *Brown*, 298 Mich App at 692. When the presumption is established, "the insurer bears the burden of showing that the withholding was based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Nahshal v Fremont Ins Co*, 324 Mich App 696, 720; 922 NW2d 662 (2018) (quotation marks and citation omitted). The determinative factor "is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Moore*, 482 Mich at 522. Here, the trial court found that Allstate's delay was reasonable considering that VHS's bill was for nearly the entire amount of the $250,000 cap.

However, we cannot fully evaluate this finding because, as noted above, the trial court failed to determine when VHS submitted its reasonable proof of loss. Assuming that the billing statements provided reasonable proof of VHS's claim and that the payments were overdue, Allstate

would then have the burden of establishing that it withheld payment "based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Nahshal*, 324 Mich App 720 (quotation marks and citation omitted). Assuming *arguendo* that the billing statements constituted reasonable proof of VHS's claim, the payments would have been overdue as of March 31, 2023, April 22, 2023, May 24, 2023, June 4, 2023, and February 27, 2024. Though it is unclear when Allstate became aware of CAA's claims, it had, at minimum, been informed of CAA's claims by June 29, 2023, when his mother, acting on his behalf, sued Allstate. Accordingly, for at least some of VHS's claims, at the time that Allstate initially refused to pay, Allstate had been aware of competing claims under the same statutory limit. If Allstate had immediately paid all of VHS's claims, it could have left CAA without recourse for a portion of his claim in light of the statutory limit. Allstate ultimately sought the trial court's assistance in apportioning payment to the competing claimants. Therefore, for at least some of the payments, Allstate had rebutted the presumption by demonstrating that there was a legitimate factual uncertainty as to how much each claimant was entitled to under the statutory limit. See *Ross*, 481 Mich at 11. That is, the trial court's finding that it would not have been prudent for Allstate to issue VHS a check for "such a large bill that is almost the amount of the cap," without further diligence was not clearly erroneous. However, further factual finding related to when the claims became overdue is necessary to fully evaluate VHS's request for attorney fees. Consequently, a remand for findings regarding the timeline as to VHS's reasonable proof of loss and which claims were subject to factual uncertainty at the time that Allstate initially refused to pay is in order.

VHS's contention that this factual uncertainty is simply an issue of priority between insurers is misplaced. Because the no-fault act is "designed to provide sure and speedy recovery of certain economic losses resulting from motor vehicle accidents," "whenever a priority question arises between two insurers, the preferred method of resolution is for one of the insurers to pay the claim and sue the other in an action of [equitable] subrogation." *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 517; 968 NW2d 482 (2021). This case involves a dispute as to amounts to which the claimants were entitled, not a dispute as to which insurer was required to pay. Both VHS and CAA sought payment from the same insurer. Furthermore, it would be contrary to the purpose of the no-fault act to apply this rule to priority disputes between claimants because, though it might cause the insurers to "pay promptly," it would cause the claimants to face continued litigation with the other claimants instead of ensuring a "sure and speedy recovery." *Id*.

Vacated and remanded for further consideration of when Allstate received "reasonable proof of the fact and of the amount of loss sustained," and which of VHS's claims were subject to factual uncertainty at the time Allstate initially refused to pay. We do not retain jurisdiction. No taxable costs are awarded. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock